[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 417 
If Hooper had any interest in the event of the action, he was nevertheless an admissible witness under the Code. (§§ 398, 399.) The referee, therefore, decided correctly in refusing to strike out his testimony.
Hooper and the other members of the association were not necessary or proper parties to the action. Neither of them had any interest in the subject matter of the action. The action was not brought to redeem the vessel; nor did it involve the right of the defendant to foreclose the equity of redemption of the members of the association; nor the defendant's claim against them personally on the agreement to repay the money advanced by him; nor did it embrace in any manner the settlement of the accounts of the association with the defendant. The cause of action was entirely distinct from these subjects of controversy. It was founded upon an independent contract between Hooper and the defendant, entered into after the dissolution of the association, in which the association and its members had no interest; at least no such interest as made the members necessary parties to the action. Hooper had no interest in the subject of *Page 418 
the action, as he had absolutely assigned to the plaintiff all his legal and equitable right and interest therein. If all the members of the association had been made parties, the defendant could not have set-off in this action against the separate and individual claim of Hooper his demand against them jointly.
If the defendant would have had a right to have sustained an action against Hooper for an account, as his agent while master of the vessel, for its earnings received by him, had Hooper continued the owner of his demand for compensation for his services as such master, or if the defendant could even now, since the assignment of that demand, sustain such an action, this right is no defence to this action. At common law, courts of equity and of law have concurrent jurisdiction in matters of account; and as the plaintiff had commenced this action as an ordinary civil action upon contract, by virtue of the common law jurisdiction of the court, the referee would have committed an error had he, under the circumstances of the case, dismissed the complaint or directed the cause to stand over until Hooper was made a party, to the end that he might be required to account to the defendant. (Willard Eq. Jur., 85; 2 John. Ch. R., 170; 3id., 360.) Courts of equity entertain jurisdiction of matters of account principally upon the ground of their right to compel a discovery upon the defendant's oath. BLACKSTONE regarded this as the sole ground of the jurisdiction of courts of equity in matters of account. (Story's Eq. Jur., §§ 449, 450, 451; 3 Bl.Com., 437; Willard's Eq. Jur., 88, 90.)
In this action, the making of Hooper a party was not necessary to enable the defendant to obtain a discovery from him upon his oath, as he was a competent witness for the defendant, and could have been examined by him as to all matters of account between them. The defendant, by obtaining a reference under the Code, with the privilege of examining both the plaintiff and Hooper, and of compelling the production of all books, papers and documents relating *Page 419 
to the merits of the action or defence, in connection with the power given to referees and the mode of procedure before them, would have possessed all the advantages of an accounting in a court of equity. (Code, §§ 271, 388; 2 R.S., 199, § 21, 1sted.)
For these reasons it would have been improper in the referee to have dismissed the complaint for want of making Hooper a party, or to have suspended proceedings until he was made a party. Even under the practice of the Supreme Court and Court of Chancery, as it existed previous to the adoption of the new constitution, if the plaintiff had first commenced an action against the defendant in the Supreme Court, the Court of Chancery would have had no power, on the defendant's filing a bill in that court praying for an account, to have stayed the proceedings at law for the purpose of assuming jurisdiction itself of the action, upon the ground that it involved a matter of account; and for the reason that the Supreme Court possessed concurrent jurisdiction with the Court of Chancery of the action, and that its proceedings could not therefore be stayed by the latter court. (Story's Eq. Jur., § 442, and note 1.) But this is not a case of mutual accounts. On the part of the plaintiff there is but one item. It is a case, therefore, of accounts only on the side of the defendant.
In such a case equity never entertains jurisdiction, unless a discovery or a ne exeat is sought in aid of the account and is obtained. (2 John Ch. R., 169; Willard Eq. Jur., 90, 92;Story's Eq. Jur., §§ 455, 456, 458, and note 1, 459; 6Ves., 687, 136.) It is upon the principle of discovery alone that equity entertains jurisdiction in an action of a principal against his agent. (Willard Eq. Jur., 90, 91; Mackenzie v.Johnson, 4 Mad., 374; Story's Eq. Jur., § 462, and note
1, 464; Jer. Eq. Jur., 513, 515; 6 Ves., 136.)
In this case we have seen that there was no necessity of making Hooper a party in order to enable the defendant to obtain a discovery from him upon his oath. It is perfectly *Page 420 
clear, therefore, that the referee decided correctly in denying the motion for a dismissal of the complaint for the want of proper parties, and also the motion to suspend proceedings until Hooper was made a party.
The action was properly brought by the plaintiff in his own name as assignee of Hooper. (Code, § 111.) But he took the assignment subject to all the equity of the defendant at the time of its execution against the assignor, and without prejudice to any set-off or other defence existing in favor of the defendant at the time or before notice of the assignment. (Code, § 112; 2R.S., 354, § 18, subd. 8.) Hooper having made an absolute assignment of all his legal and equitable right to his claim against the defendant, being for the balance due him for his services as master, after deducting the defendant's set-off, he had no interest in the subject matter of the action; and it would have been improper to have made him a party.
My conclusion is, that the judgment of the Supreme Court should be affirmed.