## MALONE *a.* STILWELL.

*New York Common Pleas; General Term, January,* 1863.

Complaint in Action for Slander.—Joinder of Causes of Action.—Husband and Wife.—Ground of Demurrer.

A cause of action against the husband, for the wrongful act of his wife, cannot be joined with a cause of action against him for his own wrongful act.

Thus, the complaint, in an action against husband and wife, stated a cause of action for slanderous words of the wife, and a further cause of action for slanderous words of the husband.

*Held,* that the two causes of action were improperly joined.

On demurrer, all objections to the pleading demurred to, except those specified as grounds of demurrer, are deemed waived.

* Present, Daly, F. J., Brady and Hilton, JJ.

*A complaint which avers that defendant spoke certain words of and concerning the plaintiff, and setting forth the words, which appear actionable per se, sufficiently states a cause of action.*

Appeal from an order overruling demurrers.

This was an action by Eliza Malone against B. M. Stilwell and Elizabeth Stilwell, to recover two thousand dollars for an alleged slander.    The complaint, omitting formal portions, was as follows:

That on, &c., at, &c., the plaintiff was a domestic servant in the employment of the defendants; that on said day Elizabeth Stilwell, one of the above-named defendants, wife of Benjamin M. Stilwell, the other defendant, contriving, and wickedly and maliciously intending, to injure this plaintiff in her good name, fame, and credit, and to bring her into public scandal, infamy, and disgrace, with and among all her neighbors, and other good and worthy citizens, and to cause it to be suspected and believed by these neighbors and citizens that the said plaintiff had been and was guilty of the offences and misconduct hereinafter mentioned, to have been made and charged upon her by the said defendant, Elizabeth Stilwell; and to vex, harass, and oppress her, the said defendant, Elizabeth Stilwell, did, on the 31st day of January, 1861, aforesaid, at and in the house of the defendants, at, &c., in a certain discourse which the said defendant, Elizabeth Stilwell, then and there had, in the presence and hearing of her said husband, Benjamin M. Stilwell, one of the defendants herein, and in the presence and hearing of divers good and worthy citizens, and in the presence and hearing of the plaintiff's fellow-servants, falsely and maliciously spoke and declared of and concerning the said plaintiff the false, scandalous, malicious, and defamatory words following, that is to say: "You have stole my two diamond earrings, worth $150.    I know you have got them.    I know this is not your first offence.    I have been told so by a clairvoyant who resides at the Planter's Hotel, in this city.    You must leave my house; but before you depart I must search your trunks, to see if you have stolen any other articles from me."    And the said Benjamin M. Stilwell then said: "Here is $10 for your wages; pack up and leave the house, for I always knew you stole the rings."

" By means of the committing of which said several grievances, by the said Elizabeth Stilwell and Benjamin M. Stilwell as aforesaid, the said plaintiff has been and still is greatly injured in her good name and credit, and also greatly injured in her profession and business, and brought into public scandal, infamy, and disgrace with and among all her neighbors, and other good and worthy citizens, to the damage of this plaintiff $2,000."

To this complaint the defendant, Benjamin Stilwell, demurred, on the ground that it did not state facts sufficient to constitute a cause of action against him. The defendant, Elizabeth Stilwell, demurred, on the ground that two causes of action were improperly united. The demurrers were overruled at special term by DALY, F. J., and the defendants appealed.

*Stilwell & Swain,* for the appellants.—I. The complaint in this action contains two distinct causes of action, which are improperly joined. The complaint alleges slander uttered by the wife—for which an action would lie against both; but it alleges, also, a cause of action for slanderous words uttered by the husband, for which he alone can be sued. The complaint then unites two causes of action, in different rights, of which the joinder is improper. Under the former system of pleading such a declaration would have been bad. Has the rule been so completely changed that this complaint can be held good? (7 *How. Pr.*, 236.)

II. This is not a case of rendering the complaint more accurate by striking out the matter as irrelevant. It cannot be irrelevant, if it states a cause of action against one of the parties to the action. If the averment constitute a cause of action or defence, it will not be stricken out. (6 *How. Pr.*, 485; 1 *Code R.*, 102; 9 *How. Pr.*, 37; 5 *Sandf.*, 216.)

III. The simplification of pleadings under the Code should operate as holding the pleader to greater strictness of statement, otherwise an encouragement is held out to laxity, which may be of dangerous precedent. It is evident that the pleader meant, in this case, to enhance the damages by showing that the husband participated with the wife in the slanderous charge. If so, the demurrer is well taken and should be upheld. 9 *Abbotts' Pr.*, 400, and 17 *How. Pr.*, 147, are authorities for pleading by a married woman.

*Cornelius P. Schermerhorn*, for the respondents.—Complaint states a good cause of action against the wife, and is therefore good as against the husband, and he cannot demur. (10 *How. Pr.*, 222; 31 *Barb.*, 121.) There is no joinder, in the complaint, of several incompatible causes of action. There is but one cause of action stated, and that is for the slanderous words spoken by the wife. What else is recited in the complaint, as having been said by the husband, is mere surplusage. It has none of the elements essential to a cause of action, and would be stricken out on motion made for that purpose. A motion is the sole and only remedy. (*Howard's Code*, 273; 6 *How. Pr.*, 269, 355, 475; 15 *Ib.*, 68, 261, 529.) The allegations necessary in an action of slander, are: 1. The speaking of the words, and that they are false. 2. That they were spoken of and concerning the plaintiff. 3. That they were published (that is, spoken) in the presence and hearing of other persons. The above are essential and elemental requirements in a complaint, and cannot be dispensed with. A complaint deficient in any of these essential ingredients, is substantially defective. (6 *Wend.*, 413; 12 *Ib.*, 135; 1 *Chitt. Pl.*, 403, 309; 1 *Saund.*, 242; 1 *Stark. on Slander*, 2 ed., 358, 411, 416.) The allegation contained in the complaint, as to what the husband said, is wholly destitute of the ingredients necessary to constitute a cause of action as against him for what he said; for, 1. There is no averment that the words were false and maliciously spoken; or, 2. That they were spoken of and concerning the plaintiff. 3. That they were published (that is, spoken) in the presence and hearing of third persons. If a complaint, otherwise good, is loaded with redundant matter, the defendant must move under section 160 of the Code. (14 *How. Pr.*, 456; 15 *Ib.*, 286; *Howard's Code*, 273; 15 *How. Pr.*, 221, 261, 529; 6 *Ib.*, 59, 68, 352.) It is also held, that even when two causes of action have been improperly united under section 167 of the Code, and not separately stated, the defendant's remedy is by motion, and not by demurrer. (22 *How. Pr.*, 194, 236; 13 *Abbotts' Pr.*, 525; 11 *How. Pr.*, 202.)

HILTON, J.—I think this complaint is open to the objection that it states two distinct causes of action which cannot be joined.

It is true, it commences by alleging, with proper averments, a distinct cause of action against the defendants for slander uttered by the wife, and closes by stating the slanderous words used, but·it adds to this other slanderous words uttered at the same time by the husband. Then follows the averment, "by means of the committing of which said several grievances by the said Elizabeth Stilwell and Benjamin M. Stilwell as aforesaid, the said plaintiff has been and still is greatly injured in her good name and credit, and also greatly injured in her profession and business, and brought into public scandal, infamy, and disgrace with and among all her neighbors, and other good and worthy citizens, to the damage of this plaintiff $2,000." Wherefore judgment is demanded for that sum.

Clearly this is an averment, that by reason of this slander, uttered by the husband and by the wife, the plaintiff has sustained the damage for which the action is brought; and should the case go to trial on such a complaint, the plaintiff would, beyond a doubt, be entitled to give evidence·of both the slanders alleged, and recover damages in respect to both (1 *Starkie on Slander*, 356); and unless this objection, that two causes of action were improperly joined, had been taken by demurrer, the verdict would cure the error.

The demurrer of the defendant, Elizabeth Stilwell, therefore, must be sustained upon the ground therein stated, that several causes of action have been improperly joined; and the order appealed from, so far as it overrules her demurrer, should be reversed.

But the order was right in overruling the demurrer of the defendant, Benjamin M. Stilwell, which asserts that the complaint does not state facts sufficient to constitute a cause of action against him.

Having stated this as his objection, he must be regarded as waiving all others. (*Code*, § 144, subd. 6; §§ 145–148.)

The complaint alleges not only one, but two causes of action against him. One for the slander spoken by his wife, in an action for which he must be joined as defendant (Matthews *a.* Fiestel, 2 *E. D. Smith*, 90), and one for the slander uttered by him, in respect to which the wife is an improper party. (Swithin *a.* Vincent, 2 *Wils.*, 227; *Bacon Ab., Baron & Feme.*, [L.]; 1 *Selw. N. P.*, 10 ed., 298; 1 *Stark. on Slander*, 355; 1 *Black.*

*Com.*, 443; *Brown on Actions at Law*, 249.)  His demurrer was, therefore, not well taken.

BRADY, J., concurred.

DALY, F. J.—I held, that the averment that the defendant Benjamin M. Stilwell spoke the words attributed to him, and that "by means of his committing that grievance," the speaking of the words, the plaintiff had been injured, was not a sufficient averment to establish a separate cause of action against him.  To constitute a cause of action in slander, it is essential that the words should have been spoken with a malicious intent on the part of the defendant.  (1 *Stark. on Slan.*, 384, 188, 191, 2 Am. ed.)  The complaint must show a malicious intent on his part, though it is not necessary to use any precise form of words; a general averment that he spoke them maliciously, falsely, or wrongfully will suffice, or any thing from which a malicious intent in speaking them can be inferred.

The complaint averred that Mrs. Stilwell spoke the words attributed to her falsely and maliciously, but there was no like averment as to the intent with which her husband uttered the words attributed to him.  Upon disposing of the demurrer orally at the special term, I thought that the averment of the cause of action against him for this reason was not complete, and that the plaintiff's remedy was to move to strike out this part of the pleading as irrelevant, and not to demur.  But, upon looking into the authorities, and after examining the complaint more carefully, which is very unskilfully drawn, I am satisfied that a sufficient averment of a separate cause of action against the husband may be extracted from it.

The defamation respectively attributed to the husband and the wife is substantially the same—that the plaintiff stole certain rings belonging to Mrs. Stilwell; and the averment that Mrs. Stilwell uttered what is attributed to her falsely, is an averment that the charge which she made was false, which may be taken also as applying to the charge made by the husband, as it was in substance the same.

The words attributed to the husband are: "Pack up and leave the house, for I always knew that you stole the rings." This was imputing to the plaintiff a felonious act.  The words

were actionable, *per se*, and no proof of damage or of malice is necessary, the plaintiff being entitled to recover upon proof of the speaking of the words, there being in such a case what is denominated malice in law, and it certainly cannot be necessary for the plaintiff to aver what she is not required to prove. Her statement of the cause of action is complete, if she avers that the defendant spoke of and concerning her words actionable of themselves.

In an anonymous case in *Styles' Rep.*, 5, 392, it was said by ROLLE, C. J., that an averment, in a declaration, that the words were spoken falsely and maliciously, was not necessary, though it was in an indictment. In Sergeant Williams's Notes to Sanders (1 *Sand.*, 242, *a*, *note* 2), he qualifies the remark, by observing that he supposes that what the chief justice meant was, that the omission in the declaration would be cured after verdict; but I suppose that what he meant was, that it was unnecessary where malice was an inference of law,—in consonance with what was ruled in a case decided more than half a century before Rolle's time (Mercer *a.* Spark, *Owen*, 51), that it is not necessary to aver in the declaration that the defendant spoke the words maliciously, if the words are in themselves malicious and slanderous; that is, where, as in this case, they are actionable *per se.* I agree, therefore, with my brother Hilton, that the decision upon the demurrer interposed by the wife was erroneous.

Order at special term affirmed, so far as it overrules the demurrer of the husband, and reversed so far as it overrules the demurrer of the wife. No costs on this appeal to either party.