Robinson, J.
The demurrer taken by the defendant Butterfield, must be sustained on the ground that the complaint does not state facts sufficient to constitute any cause of action against him. His liability to the plaintiff can only arise through breach of his warranty of title to the debt of one hundred and sixty thousand dollars, asserted in his assignment thereof to *200 Joslyn & Co., to be due him from the defendant Wheeler. The complaint alleges the assignment to him by Joslyn of this debt, and of Butterfield’s warranty, as collateral for a debt of twenty-six thousand seven hundred and forty-five dollars and sixty cents, due him by Joslyn & Co. He fails to assert any breach of Butterfield’s warranty, but simply alleges that Wheeler refused to pay the debt, on the ground, as he claims, that the same was included in the accounts of certain transactions theretofore had between Butter-field, Joslyn, Bostwick and himself, and were embraced in a settlement of such transactions, and that in such settlement his debt to Butterfield was paid and discharged, “all of which the said Butterfield denies.”
Joslyn & Bostwick, as well as Wheeler, are made parties, and the complaint prays for an accounting in respect to- such transactions, to determine whether Wheeler’s debt had been paid, when, and to whom ; and that he may recover the debt of one hundred and sixty thousand dollars, and interest. This presents no case for involving Butterfield in such a controversy. If he is at all liable on his warranty, or for collecting moneys he had already assigned, he can only be made so in an action founded on his express or implied agreement, and where his breach of contract is alleged with legal precision ; and the fact that he has, to any and what extent, so interfered with the rights of his assignee and broken his agreement, is one resting in the simple proof what he had done on any such alleged settlement, and in what manner he had impaired the integrity of the claim against Wheeler.
The trial of the question involves the taking of no account, but is one of fact, as to which he has a right to trial by jury, of which he cannot be deprived by being involved in the quasi equitable case for an accounting sought to be made by the complainant.
No equitable remedy upon or in respect to his legal *201 obligation can be be enforced against him. Ho claim at law is asserted against him, nor is any case for the interposition of a court of equity presented, rendering it proper or necessary for him to be subjected to its jurisdiction in respect to the matter of discovery sought by the complaint as to the precise amount of Wheeler’s liability, and when and to whom it was paid, adjusted or settled. The case stated would not, under the former practice, have furnished ground for a bill of discovery of the matters the plaintiff seeks to have ascertained and determined, and under the Code (§ 399) the bill of discovery being abolished, he has no standing in court for any relief against the defendant Butter-field.
The complaint should be dismissed, with costs, as against Butterfield.
Plaintiff appealed to the general term.
John E. Burrill, for the plaintiff, appellant.—I. If there is a cause of action against Butterfield, he cannot demur that Joslyn and Wheeler are improperly joined. New Haven Case, 17 N. Y. 593 ; Bank of Havana v. Maghee, 20 N. Y. 359 ; Allen v. City of Buffalo, 38 N. Y. 280.
II. The only question is, is Butterfield a proper party. Plaintiff is not bound to show that he is a necessary party.
III. Under sections 118 and 120 of the Code, Butter-field, the assignor, may be joined, for, if a payment has been made after Butterfield’s assignment, Wheeler will not be protected, but would be entitled to be subrogated to a claim over against Butterfield. The latter is a necessary party in order to make the judgment binding on him, and he is a proper party in order that he may protect his own rights ; and joining him tends to put an end to the issue.
IV. The demurrer admits allegations showing that *202 an accounting is necessary to determine whether the debt is due, and Butterfield is a necessary party to the accounting.
V. The action does not necessarily prevent trial by jury, nor, if it did, is that a reason why it should not be sustained.
VI. The cause of action against Butterfield is not merely one for breach of warranty, which refers to the time of the assignment. He is charged with collecting money after the assignment.
Andrew Boardman, in support of the demurrer.— I. This action' is not sustainable, because it is a suit expressing a doubt as to which of two parties is liable to pay a certain sum of money, and asking a discovery and accounting to determine that question, and judgment against one or the other, as the facts may appear.
II. The liability of Butterfield can only arise through breach of warranty; which is not alleged.
III. If liability exists, it is to an action at law in which he has the right of trial by jury. Hudson v. Caryl, 44 N. Y. 553. In no respect is it proper to join Butterfield with the other parties as defendant. Plaintiff has no right to bring the suit to discover whether what Wheeler says is true or false. Code, § 399 ; Story's Eq. Pl., §§ 311, 312. The action cannot be maintained as one for an account. Lond. Jur., March 26, 1859 ; quoted with approval by Story Eq. Jur., 459 a. note 1; Phillips v. Phillips, 9 Hare, 471; Padwick v. Hurst, 18 Beavan, 575 ; O’Connor v. Spaight, 1 Sch. & Lef., 305 ; Foley v. Hill, 2 H. L. Cas., 28 ; Navulshaw v. Brownrigg, 2 De G., M. & G., 441; Story's Eq. Jur., 8th ed., § 59, 64 c., 456, 458, 458a, 459. As to misjoinder, see Code, § 144; Malone v. Stilwell, 15 Abb. Pr., 425; Valentine v. Lloyd, 4 Abb. Pr. N. S., 371. But even if a case for an account were made out against the other parties, Butterfield, the assignor, could not be *203 made a party to it. Allen v. Smith, 16 N. Y., 415 : Ward v. Bokkelin, 2 Paige, 289; Miller v. Bear, 3 Paige, 466 ; Voorhees v. Childs, 17 N. Y., 354.
IV. It is nowhere alleged, that the settlement, whatever it may have been, was made after the assignment to the plaintiff. Furness v. Ferguson, 15 N. Y., 437; Reeves v. Kimball, 40 N. Y. 299.
V. Sections 118 and 274 do not warrant this action. Wells v. Smith, 7 Abb. Pr., 263 ; Tracy v. Steam Faucet Co., 1 E. D. Smith, 365.
By the Court.*—Daly, Ch. J.
The demurrer interposed by Butterfield in my judgment was properly sustained, and I have nothing to add to the reasons given by Judge Robihsoh below.
Judgment affirmed, with costs.
March, 1873.—Motion to set aside judgment. After the foregoing demurrer had been put in, but before argument, the defendants Wheeler, Joslyn and Bostwick respectively answered.' Pending the prosecution of the cause as against the answering defendants, the defendant Butterfield had the judgment rendered as above stated in his favor, entered with the clerk, and a judgment roll filed, and his costs taxed.
This judgment, plaintiff now moved to vacate.
Robinson, J.
Upon the separate demurrer to the complaint interposed by the defendant Butterfield judgment was rendered for him, with costs, and th:,., decision was on appeal affirmed by the general tera. On the trial the question was raised as to the right of Butterfield, one of the several defendants, charged with no joint liability, upon judgment in -his favor on demurrer, to an immediate recovery of his costs, and this *204 was adjudged in his favor, and reaffirmed by the general term. Such adjudication was made upon construction of section 274 of the Code, as to the right of defendant to such a separate judgment in his favor, and its efficacy as a final determination of the controversy between him and the plaintiff cannot be gainsaid on the present motion.
Plaintiff now asks to have the entry of such judgment vacated as irregular, on the ground that it does not dispose of all the merits of the suit, and that its entry may prevent his appeal to the court of appeals, from any such adverse judgment that may be rendered against him in the future litigation with the other defendants, as may be delayed beyond the two years allowed for appeal from a final judgment, which he claims relates to a determination of the entire controversy between all the parties. In this I think he errs, and that the two years allowed for appeal is intended to afford means of appeal from such separate judgments in favor of several defendants as are authorized by the Code within that period, but is inoperative as to such as had been entered in favor of one or more of the adverse parties at longer periods. The separate judgment rendered on this demurrer entailed no further consequences than the enforcement of payment of the costs of this defendant; but so far ,as the merits of the controversy were concerned, the plaintiff (if his views as to the effect of a separate entry of judgment are correct) had yet at least two years to conclude the residue of the litigation, and thereupon bring his appeal from this judgment, as well as from such others as may be rendered against him in favor of any of the other defendants. If his remedy by way of appeal from this judgment should be cut off by lapse of the statutory time, no argument from its inconvenience or hardship can be entertained, and no stay of proceedings, in such a case, from any anticipated ap *205 peal is provided for in the Code. This separate judgment enforcing the immediate payment of the costs of the defendant cannot be modified or impaired by an order to the contrary.
Plaintiff, if injured, has his only redress through an appeal taken within two years, and order for restitution.
Motion denied, with ten dollars costs.

 Present, Daly, Ch. J„ and Labremore and J. F. Daly, JJ.