## SUPREME COURT.

FITZGERALD agt. QUANN, impleaded with MARY his wife.

*Married women — actions against — Joinder of husband with wife in action
for wife's tort, improper — Code of Civil Procedure, section 450.*

Under section 450 of the Code of Civil Procedure in an action against a
married woman for her personal tort, it is not necessary to join her
husband as a defendant, and he is not a proper party to such an action.

Where on a motion for a new trial by one of the defendants, it appeared,
as a question of law, that there could be no recovery as against such
defendant, and that a new trial would not change the result:

*Held,* that the verdict should be set aside, and a nonsuit directed as to
such defendant.

*At Circuit, May,* 1881.

MOTION by Charles Q. Quann, one of the defendants, for a
new trial on the minutes.

The action was brought to recover damages for a slander
uttered by the wife of Quann, and he was joined with her as
defendant.

The jury returned a general verdict in favor of the plain-
tiff. The facts are fully stated in the opinion.

*James Wood,* for motion.

*S. Hubbard,* opposed.

RUMSEY, *J.* — The point is strongly urged upon me, that
having denied the motion for a nonsuit at the trial, upon the
authority of another judge at the circuit, I should continue
to follow that decision and deny this motion, without further
examination. I should be glad if this were so; but as the
object of allowing motions for a new trial to be made upon
the minutes is to afford a cheap and speedy review of rulings
at the circuit, that they may be corrected if wrong, I feel
compelled to examine this question upon the merits.

The defendant Mary L. Quann is the wife of the defendant Charles Q. Quann. She uttered a slander against plaintiff. The plaintiff sues for damages and joins the husband as a defendant. The husband moves for a nonsuit upon the ground that he is not a proper party defendant in an action for his wife's separate torts. The precise question presented is whether, under section 450 of the Code of Civil Procedure, the husband can be joined as defendant with his wife in an action for her separate personal tort.

Until the Code of Civil Procedure took effect, the husband must be joined as a defendant with her in an action for the mere personal torts of his wife, so long as the relation of husband and wife continued.

An inquiry into the reason of this rule may throw light upon the question we are examining. The necessity of such joinder was not because he was liable. Mr. Bishop, in his learned work on *The Law of Married Women*, in speaking of this subject uses the following language : " It is not true, speaking accurately and scientifically, that the husband is liable for the torts of his wife. For example, she commits a tort, and then dies before suit brought, he cannot be sued for it, and is in no way responsible ; on the other hand, if he dies, she may then be sued alone, the same as though she had been discovert when the tort was committed. If during their joint lives an action is brought against the two, and he dies pending suit, the action survives against the wife. The liability, therefore, of the husband for the wife's torts grows merely out of the fact that, by the rules of the common law, a suit cannot be maintained against a wife alone during coverture ; and, if the two could not be sued together, the party suffering the injury would be without remedy " (*Bishop on Married Women, sec.* 254).

The cases cited by Mr. Bishop fully sustain him in writing as he has, and the same rule and reason are laid down elsewhere (*Cooley on Torts*, 115 ; *Capel* agt. *Powell*, 17 *C. B.* [*N. S.*], 743). In the last case, the court held that one who

had obtained a divorce was not thereafter a proper party defendant in an action for the tort of the wife committed during coverture.

EARL, Ch. J., says : " It is clear to demonstration, therefore, that there is no cause of action against the husband. He is not liable for the wrong ; he is joined only by reason of the universal rule that the wife, during coverture, cannot be either a sole plaintiff or a sole defendant " (*Page* 748 ; *Konig* agt. *Manly*, 49 *N. Y.*, 192, 201). The Code of Proceedure (*sec.* 114) changed the rule to some extent, and the married women's acts of 1860–1862 changed it still more. And it is noticeable that this change was made by permitting her to sue or to be sued alone, the courts thus conceding that when the necessity of joining her husband as a party ceased, there was no longer any question of his liability. But so far as the joinder of the husband as defendant was concerned, these statutes applied only to actions relating to her separate property, and did not affect actions for her personal torts.

Having ascertained the reason of the rule that husband and wife must be joined in such an action, let us see what the Code of Civil Procedure says about it. Section 450, as originally enacted, reads : " In an action &ast; &ast; &ast; a married woman appears, prosecutes and defends alone &ast; &ast; . &ast; as if she was single." That section eliminated the element of coverture from all actions. It put the wife in all respects, as regards actions, on the footing of a single woman, precisely as it says it does. It took away the formal requirement of the joinder of the husband in any action.

The reason of the rule which made him a defendant was thus taken away, and so, I think, logically, the rule itself ceased to exist. It will be noticed that the section appears in that part of the Code which prescribes who shall be parties to actions, and, as originally enacted, it applied to every action and excepted none. I am quite clear that the original section forbade the joinder of the husband in any case where he would not have been a proper party if there had been no

marriage. It was so held by judge DWIGHT upon the construction of that section, without reference to the amendment, at the Steuben circuit, in *Havens* agt. *Gregg*, where he ordered a nonsuit as to the husband in an action for the wife's slander, upon the ground that under section 450 he was no longer a proper party (*See also*, 2 *Bishop on Married Women*, *secs.* 266, 267). The intention of that section was, as Mr. Throop says, to sweep away all distinctions between a *feme-sole* and a *feme-covert*, in respect of being sued, and this court has held, in the first department, that the language was comprehensive enough to do it (*Janinski* agt. *Heidelberg*, 21 *Hun*, 439).

But it is urged that by the amendment of 1879 (*Laws of 1879, chap.* 542, *p.* 617), the legislature have restored the old rule, and when they enacted that " it was not necessary or proper to join her husband with her as a party in an action affecting her separate property," they by necessary implication declared that it was necessary to join him in every other action. I do not think so. The question is, what was the intention of the legislature ? The intention is to be found in the statute itself (*Sedgw. on Stat. and Cons. Law*, 243, 244). The legislature had passed an act which was general in its terms, and applied to all actions and special proceedings, and in that act it laid down a rule which included all actions to which a married woman was a party. The amendment does not expressly conflict with this rule, nor does it lay down a different rule for such actions than is laid down in the original act. It applies to a portion of the actions which the first sentence also refers to. If the legislature had intended to change, as to other classes of actions, the rule laid down in the first sentence, there was an easy and obvious way to do it. As it has not even referred to them, I think the fair construction of the section is that it intended the first sentence of the section to apply to all actions as it does in terms, and for greater caution to specify one class of actions in the second sentence, so that, as to them, there could be no possible misunderstanding of the legislative intent. The statute is clearly

Fitzgerald agt. Quann.

intended to apply to all cases, and, therefore, the maxim *expressio unius est exclusio alterius* does not apply (*Bloom's Leg. Max.*, 515, *m. p.*).

The conclusion I have reached is that, since the Code of Civil Procedure, a husband is not a proper party.   I am cited by plaintiff's counsel to two cases said to have been decided in New York county adversely to this view ; but I have been unable to find any report of them, and I can hardly think they are in point on this question, which has been so extensively mooted during the last three years, or they would have been reported. *

The verdict against Quann must be set aside, but in the view I have taken of the law there can be no recovery against him, and no new trial would change the result.   Under those circumstances the proper order would be to set aside the verdict as to Quann, and as to him to direct a nonsuit (*Hall* agt.

---

* It is believed that the cases referred to above are *Hoffman* agt. *Lachman* (*decided by judge* McADAM *at a special term of the N. Y. marine court, March,* 1878), and *Berrien* agt. *Steel* (*decided by judge* VAN BRUNT *at a special term of the supreme court, first department, May*, 1878).   The first was a demurrer to the complaint by the defendant Sussman Lachman, on the ground that it did not state facts sufficient to constitute a cause of action against him.

The action was brought against Hannah Lachman, the wife of Sussman Lachman, and the said Sussman Lachman, for a slander uttered by the wife, the husband having been joined on the ground of his liability for his wife's personal torts.   An order of arrest had been issued in the action against the defendant Sussman Lachman, and a motion to vacate such order, based on the non-liability of the husband for the mere personal torts of the wife under the Code of Civil Procedure, was heard at the same time and was denied.   McADAM, J., said: " The new Code has not changed the common-law liability of the husband for torts committed by the wife (2 *E. D. Smith*, 90; 15 *Abb. Pr.*, 421: *and see note to* 16 *English Reports, p.* 232, *Moak's notes*).   Demurrer overruled.

The second was a demurrer to the complaint by the defendant John G. Steel, on the ground that it did not state facts sufficient to constitute a cause of action against him.   The action was brought against Josephene H. Steel, the wife of John G. Steel, and her husband John G. Steel, to recover the value of certain articles of personal property, diamonds, rings, &c., belonging to the plaintiff's testator, and alleged to have been con-

*Hall,* 81 *N. Y.,* 131–139; *affirming S. C.,* 13 *Hun,* 306). As the jury were instructed in this case, the plaintiff was entitled to a verdict against both defendants, and the only question presented to them was that of damages. The case is substantially like the one last cited, and I shall make the order which was there held proper, but I shall give no costs of the motion.

Ordered, that verdict as to Quann be set aside, and a nonsuit ordered as to him, without costs of this motion.

---

## SUPREME COURT.

---

verted by the said Josephene H. Steel to her own use, the husband being joined as a defendant on the ground of his liability for the personal torts of his wife."

VAN BRUNT, J., said : "In the case of *Baum* agt *Mullen* (47 *N. Y.,* 578), the court held that the statute has not altered the common-law liability of the husband for the mere personal torts of the wife, but the rule is changed only when such torts are committed under management and control of her separate property. The same rule was recognized in the case of *Koning* agt. *Manly* (49 *N. Y.,* 192 [200]), where the court admits that, if a married woman is alone guilty of a conversion, the husband is a necessary party. There is no allegation in the complaint tending to show that the tort complained of was committed by Josephene H. Steel in the management of, or in reference to her separate property. Unless this appears, then the common-law liability of the husband still prevails. Demurrer overruled.