# RICHARDSON v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 251. Submitted December 13, 1897. — Decided January 17, 1898.

On a motion to dismiss for want of jurisdiction, this court being of opinion that the ruling of the state court on the points upon which the case turned there was obviously correct, does not feel constrained to retain the case for further argument, and accordingly affirms the judgment.

This was an action of ejectment brought in a state court of Florida, to recover tracts of land at and near Pensacola, alleged to have been granted to the person from whom the plaintiff deraigned title, by the Spanish superintendent general before the acquisition of Florida by the United States. Judgment was entered for the defendants by the trial court, which judgment was sustained by the Supreme Court of the State. The grounds upon which each of these judgments was founded are briefly stated in the opinion of the court, below. The defendant in error moved to dismiss the case for want of jurisdiction. His motion was as follows:

"Comes the appellee, the Louisville and Nashville Railroad Company, by its counsel of record, Gregory L. Smith, and moves the court to dismiss the above entitled cause for want of jurisdiction in the Supreme Court of the United States to review the same, in that:

"It does not appear from the record that the questions relied upon by the plaintiff in error, to give jurisdiction to this court, were presented to the state courts for consideration at the proper time and in the proper manner.

"The Supreme Court of Florida based its decision upon two sufficient grounds, at least one of which does not involve, and is not claimed to involve, a Federal question.

"No Federal question sufficient to give jurisdiction to this court to review the decision of the state court is involved in the cause or was decided by the Supreme Court of Florida."

*Mr. Gregory L. Smith* for the motion.

*Mr. W. A. Blount* opposing.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action of ejectment brought by plaintiff in error in the Circuit Court of Escambia County, Florida.

On the trial plaintiff offered in evidence an alleged Spanish grant of several tracts from Don Alexander. Ramirez, intendant of the army and superintendent general of Cuba and the two Floridas, to Don Vicente Sebastian Pintado with proof of

execution; and also deraignment of paper title from Pintado's heirs to himself. No evidence was offered of actual prior occupation. The property sued.for was included in one of the tracts, described as follows:

" The lands designated by the letter C are an extension or tract of the bay of Pensacola, whose superficies of water is equal to an area of 718½ arpents, superficial, occupying between the eastern point of the mouth of the creek of Casa. Blanca, commonly called Bayou Chico, and the western point of the mouth of the rivulet or creek of Texar, commonly called Bayou Texar, and a line drawn in the direction of southeast of the needle, ninety-five perches of Paris, within the sea, from the aforesaid first point, and the other line of 100 of said perches in length, counted from the second point mentioned within the sea, also from the same point of southeast of the needle, which embraces the whole of the front from the one to the other mouth of the creeks of Casa Blanca and Texar, between which is the town of Pensacola, the whole conforming and according to the plan annexed, made for the greater clearness and understanding in which is represented the figure which the said land forms in the water and the limits within the bay of Pensacola, being that part of the land and beach which is found between the said two points of the mouths of the mentioned creeks, the curve which the shore of the water of the sea at the highest tide in calm weather makes, and with the depth from the surface of the water as far as ten feet English below the actual bottom, or towards the centre of the earth, in the whole, the space which the figure represented in the said plan C embraces, considering it as a solid, since it has these three dimensions of longitude, latitude and depth. . . . The whole in full property and for the purpose of constructing wharves and houses for bathing, reserving and saving not only the right of his majesty, but also that of the public, at all times whenever it becomes convenient, and it be designed to construct wharves with whatsoever funds, municipal or common, intending the exclusion only with respect to particular individuals."

Defendants objected to the introduction of the grant upon the following grounds, viz.:

"The grant so far as it relates to the *locus in quo* was a mere license to Pintado to use the property in a particular way and vested in him no sufficient title upon which to recover in ejectment.

"Because said grant, so far as it relates to the *locus in quo,* was not an exclusive grant of the property occupied by the defendants.

"Because said grant, so far as it relates to the *locus in quo,* was not within the delegated authority of the officer who attempted to grant the same.

"Because said grant, so far as it relates to the *locus in quo,* is not one which was validated or recognized bv the treaty between the United States and Spain.

"Because it is not shown that Alexander Ramirez had the power or authority to make said grant, so far as it related to the *locus in quo.*"

The trial court sustained defendants' objections and excluded the grant, and plaintiff excepted.

Thereupon a verdict was returned for defendants and judgment entered thereon, from which an appeal was taken to the Supreme Court of the State. In that court the plaintiff in error assigned but one error, to wit, "The refusal of the court to admit in evidence the grant from Alexander Ramirez to Vicente S. Pintado."

The Supreme Court of Florida affirmed the judgment, and held that the purpose of the grant "as to the water front therein described was not to grant the land and water as such within the described limits, but the right to use the same, within such limits and to the depth stated below the surface of the soil, for the purpose of constructing wharves and houses for bathing, such right of use being to the exclusion of any similar right of use in any other individuals, and subordinate to the right of the King and the public to construct wharves with municipal or common funds within such limits; also, that while the King of Spain could have made such a grant to Pintado, it would have been contrary to his laws then in

force in West Florida and a case of special exception from their effect, and that Ramirez had no authority to make the grant, and it was void and vested no title in the grantee." *Richardson* v. *Sullivan's Executors*, 20 Sou. Rep. 815. And see *Sullivan* v. *Richardson*, 33 Florida, 1, where the case is fully considered on a prior appeal.

On affirming the judgment the Supreme Court entered an order to the effect that, in holding the grant void, a claim by plaintiff of a right, title or privilege under the treaty between the United States and Spain of February 22, 1819, had been disposed of adversely to him; and a writ of error from this court was allowed.

As before stated, defendants objected to the admission of the grant in evidence on the grounds that, so far as it related to the *locus in quo*, it "was a mere license to Pintado to use the property in a particular way and vested in him no sufficient title on which to recover in ejectment;" and also that the grant "was not within the delegated authority of the officer who attempted to grant the same." Thus the construction of the grant and its validity were presented for consideration as distinct inquiries, and while the trial court assigned no reasons for its action, the Supreme Court passed on both questions, and in its first opinion elaborately discussed them.

But in sustaining the ruling of the trial court in excluding the alleged grant, the Supreme Court rested its decision on the want of authority to make such a grant as it held this to be. Therefore, the contention on behalf of plaintiff in error is that this court necessarily has jurisdiction. As, however, we entirely concur with the state court in the view that the grant was not a grant of title, but of a mere license, easement or right of use, and no evidence of prior possession was offered, we need not consider whether the grant as thus correctly construed was valid or not, for, even if valid, the ruling on this record could not have been other than it was. That ruling was so obviously correct that we do not feel constrained to retain the case for further argument. *Chanute City* v. *Trader*, 132 U. S. 210.

*Judgment affirmed.*