WILLIAM FOSTER, JR., Appellant, *v.* THE CENTRAL NATIONAL
BANK OF BOSTON et al., Respondents, and ROWLAND N.
HAZARD, Appellant.

1. GENERAL ASSIGNMENT — WHEN ASSIGNOR CANNOT RECOVER IN HIS
OWN NAME ON ASSIGNED CLAIM.  Where, in an action to restrain the
enforcement of a certain judgment and to procure the discharge and satis-
faction thereof, an amended complaint is served, which, instead of pray-
ing for injunctive relief, demands judgment for the recovery of certain
sums theretofore paid by the plaintiff and one of the defendants to other
defendants, a finding that prior to the amendment of the complaint, but

after the commencement of the action, the plaintiff had made a general assignment of his property and that the assignee had sold the claim in suit to a third party, precludes any right of recovery by the plaintiff, since, had he any interest in the claim, an action to recover thereon must have been brought, under the requirement of section 449 of the Code of Civil Procedure, by the assignee, who is the real party in interest; but the assignor has no interest in such claim since, prior to the amendment of the complaint, it had been sold by the assignee to a third party and with that sale the plaintiff's interest therein ceased. .

2. CONTINUANCE OF CAUSE OF ACTION IN ASSIGNOR. A contention that the action having been commenced prior to the assignment its continuance in the assignor is authorized by section 756 of the Code of Civil Procedure, which provides for the continuance of an action by or against the original party in case of a transfer of interest or devolution of liability, cannot be sustained where the original cause of action and that presented by the amendment to the complaint, made after the assignment, are essentially different.

3. AMENDMENT TO COMPLAINT — PLAINTIFF MUST BE OWNER OF CAUSE OF ACTION SOUGHT TO BE BROUGHT IN. A contention that an amended complaint relates back to the cause of action and, therefore, the assignor could recover, cannot be sustained since, at the time of the amendment, his interest in the claim had ceased.

*Foster* v. *Central Nat. Bank,* 106 App. Div. 616, affirmed.

(Argued November 27, 1905; decided January 9, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 5, 1905, which affirmed a judgment, entered upon a decision of the court at a Trial Term without a jury, directing a dismissal öf the complaint and of the affirmative claim of the defendant Hazard.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward Winslow Paige* for appellants. The amendments to the complaint spoke as of the date of the beginning of the action, and place the action in the same position as if the pleadings had originally been as they are now. (*Koehler* v. *N. Y. E. R. R. Co.,* 159 N. Y. 218; *Van Allen* v. *N. Y. E. R. R. Co.,* 144 N. Y. 174; *Styles* v. *Fuller,* 101 N. Y. 622; *McGean* v. *M. E. R. Co.,* 133 N. Y. 9; *Colvin* v. *Shaw,*

79 Hun, 56 ; *Kanouse* v. *Martin*, 3 Sandf. 593 ; *Penniman*
v. *F. & W. Co.*, 133 N. Y. 442 ; *Hurd & Sewall* v. *Everett*,
1 Paige, 124 ; *S. C. Bank* v. *Garlinghouse*, 4 How. Pr. 174 ;
*Fry* v. *Bennett*, 3 Bosw. 200.)    The cause of action for the
recovery back of the money was originally and properly
alleged.    (Code Pro. § 275 ; *Marquat* v. *Marquat*, 12 N. Y.
336 ; *Winsted Bank* v. *Webb*, 39 N. Y. 325 ; Code Civ. Pro.
§ 1207 ; *Herrington* v. *Robertson*, 71 N. Y. 280.)    An assign-
ment for the benefit of creditors is no defense to any action by
the assignor whether brought before or after the assignment.
The assignor still retains enough interest in the property to
bring and maintain any action.    (*Lawson* v. *Town of Wood-
stock*, 37 Hun, 352 ; *Burton* v. *Burton*, 67 App. Div. 113 ;
*McGean* v. *M. E. R. R. Co.*, 133 N. Y. 9 ; *Styles* v. *Fuller*,
101 N. Y. 622.)

*Charles C. Van Kirk* and *Alfred Hemingway* for respond-
ents.    The plaintiff cannot maintain an action under the alle-
gations of his amended complaint.    (Code Civ. Pro. § 449.)

CULLEN, Ch. J.    For the disposition of this appeal it is
necessary to state only the following details of the con-
troversy : In September, 1880, one Marvin W. Sackett, a
bondholder of the Lebanon Springs Railroad Company,
brought an action in the Supreme Court of this state, on
behalf of himself and other bondholders, substantially to
enforce the foreclosure of the mortgage executed to secure
said bonds and for the sale of the mortgaged property, a rail-
road lying partly in this state and partly in the state of Ver-
mont.    By an order made in that action the receiver who had
been appointed to take charge of the road was authorized to
issue certificates to be a first lien upon the property, the
proceeds thereof to be applied to the improvement of the road
and the payment of certain debts.    The respondents in the
present case are the holders of such certificates.    Subsequently
a judgment of foreclosure was rendered in the suit, which
directed that the sale be made subject to the payment of the

undue principal and interest of said certificates, and that the proceeds of sale, after paying the expenses of the sale, be first applied ·to the satisfaction of the principal and interest of the certificates which were due.   The appellants, the plaintiff Foster, and the defendant Hazard, purchased at said sale for the sum of $155,000, subject to the payment of the unpaid certificates and received the referee's deed.   They entered into possession of the road and subsequently conveyed it to a corporation formed for the purpose of operating it.  ·Of the sum paid to the referee about $60,000 was paid to the respondents on the receiver's certificates.  Default having been made in the payment of the outstanding certificates, the respondent, the Central·National Bank of Boston, on behalf of itself and other holders of the certificates, brought an action in the Supreme Court to enforce the payment of their certificates by the sale of the road and to charge the appellants, Foster and Hazard, the purchasers at the sale under the Sackett decree, with any deficiency that might arise on the sale. That action was removed to the United States Circuit Court on the petition of the defendants therein, and on March 24th, 1887, a decree was entered in favor of the plaintiff for a sale of the property and for judgment against said defendants for any deficiency.  The sale under this decree was postponed from time to time at the instance of Foster and Hazard, they paying the plaintiffs in that action various sums of money as a condition for postponement. Finally, on March 23rd, 1892, a sale was had under the decree of the United States Circuit Court, and William Foster, Jr., became the purchaser at such sale for the sum of $7,500. Now, to go back.   In April, 1887, one Stevens, a holder of the bonds of the Lebanon Springs railroad, prior to the institution of the Sackett suit, brought an action in the Supreme Court of this state to review and set aside the judgment in the Sackett suit as fraudulent and invalid.   To that action all the parties to the present suit were made parties.  A judgment was rendered in the action reversing and setting aside all the proceedings in the Sackett action and directing

that a new sale of the mortgaged railroad be had.   The decree also enjoined the Central National Bank and other certificate-holders from enforcing the judgment they had obtained in the United States Circuit Court.   Under that sale, which was made in May, 1892, the appellant Foster became the purchaser for the sum of $55,000.   The present respondents, the Central National Bank and others, appealed from the judgment in the Stevens action.   It was affirmed by this court and is reported in 144 N. Y. 50.  On appeal to the Supreme Court of the United States, however, so much of the decree as enjoined the plaintiffs in the Circuit Court action from enforcing the judgment obtained therein was reversed.   (169 U. S. 132.)   On March 16th, 1892, the present action was brought by Foster against the Central National Bank and other certificate-holders, setting forth in detail the various matters already recited and praying as relief that the enforcement of the judgment in the United States Circuit Court be perpetually enjoined and restrained and that the judgment be discharged and satisfied.   Hazard was made a defendant because his appearance as plaintiff could not be secured at the time.   The case was removed to the United States Circuit Court and remained pending there for many years.   In January, 1901, the cause was remanded to the Supreme Court of this state, and on March 13th of that year the plaintiff served an amended complaint in which, instead of praying for injunctive relief, he demanded judgment for the recovery of the sums paid by himself and Hazard to the certificate-holders, including both the sums paid on the sale under the Sackett suit and those paid on account of the judgment in the United States Circuit Court.   The answer of the defendant alleged, and the trial court found, that on January 23rd, 1896, the plaintiff Foster made a general assignment of his property, for the benefit of his creditors, to one Pell W. Foster, and that on the 12th day of March, 1901, said assignee sold the claim in this action to a third party.   The trial court also found that the defendant Hazard had, prior to the commencement of the action, assigned his claim against the other defendants.   It held, as

a conclusion of law, that by reason of these facts neither the plaintiff nor Hazard was entitled to maintain the action, and rendered judgment dismissing the complaint.

We think the disposition of this case made by the learned trial court was correct.   As the court found that the defendant Hazard had assigned his claim prior to the commencement of the action and had not thereafter regained it, and as that finding, having been unanimously affirmed by the Appellate Division, is conclusive upon us, no discussion of that defendant's rights is necessary.   The question is whether the general assignment by the plaintiff defeated his right to a recovery, assuming that the moneys paid by him might be recovered had he not assigned the claim, a question we do not intend to consider.   The learned counsel for the appellant makes the broad contention that after such an assignment the assignor, by virtue of his interest in the proper administration of the trust, may bring an action to recover a claim which he has assigned. This position finds support neither in principle nor in authority.   Section 449 of the Code requires an action to be brought by the real party in interest, and it is settled law that under this section of the Code, the assignee, in whom is vested the legal title, must bring the action.   (*Allen* v. *Smith,* 16 N. Y. 415 ; *Allen* v. *Brown,* 44 N. Y. 228 ; *Sheridan* v. *Mayor, etc., of N. Y.,* 68 N. Y. 30.)   It may be that the assignor after a refusal and neglect by his assignee to bring a suit to recover a claim can, under the ordinary doctrine of trustee and *cestui que trust,* bring his own action, making that assignee a party thereto.   But in such a case the action is a derivative one ; the recovery would be in favor of the assignee, not of the assignor, and as a foundation of the action it would be necessary to aver and prove a demand by the *cestui que trust* and default by the trustee.   (*Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493.)   The present action is not of that character.   The plaintiff has neither alleged nor proved demand on his part or default on the part of the assignee.   But there is a further answer to it.   The trial court has found that on the day before the plaintiff amended his complaint, so as to include

the present cause of action, the assignee sold the claim to a third party. Surely with that sale the plaintiff's interest in the claim ended.

The most earnest contention of the plaintiff is that the present action having been commenced before his assignment, its continuance by him is authorized by the Code of Civil Procedure, which provides (§ 756) that "in case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires." If the action had been originally brought to recover the money paid to the certificate holders, or amended so as to include such a cause of action prior to the time of the assignment, the section of the Code would doubtless apply. We agree with the trial court, however, that the original cause of action and that presented by the amended complaint upon which the cause proceeded to trial were essentially different, the one being to restrain the enforcement of a judgment, the other to recover moneys paid. An example may clearly test this distinction. If, before any suit was brought, the plaintiff had assigned his money claim against the certificate holders or that claim had been seized by a receiver on a creditor's bill, it could not have barred the right of the plaintiff to restrain the enforcement of the judgment against him. It is said, however, that an amended complaint relates back to the cause of action. The record does not show by virtue of what authority the amended complaint in this suit was served, whether by an order of the court or consent of the parties. We must, therefore, consider it efficacious and operative to the fullest extent that the court had power to authorize it. The power of the Supreme Court to grant an amendment is most plenary. It may permit a plaintiff by an amendment of a pleading to bring in additional claims which at the time would be barred by the Statute of Limitations if a new action were then brought upon them. An extreme instance of the exercise of this power by the Supreme Court

25

was upheld by this court in *Hatch* v. *Central National Bank*
(78 N. Y. 487). But granting the power of amendment to
the greatest extent, that is to say, that a plaintiff by bringing
an action on one claim may keep alive, despite any lapse of
time, every other claim that he may have of the same character
against a party, or if the claims be of a different character, on
abandoning the first he may substitute for it any other claim
(*Brown* v. *Leigh*, 49 N. Y. 79) of course, provided the court
sees fit to grant him such favor, there must be some limit to
the doctrine. That limit is that at the time he seeks to bring
in different causes of action he must be the owner of the
causes of action. Any other rule would lead to injustice and
gross inconsistency if not to absurd consequences. If one
chooses to buy a claim in litigation he necessarily assumes the
risk of such litigation. The Code allows him to come into
the action and prosecute his rights. If he fails to do so and
an adverse result is suffered through the neglect of his assignor
the fault is his own. But it would seem manifestly unjust
that the purchaser of a chose in action which is not in litiga-
tion, of which assignment he gives notice to the debtor, can be
affected by the subsequent acts of his assignor. Take the
present case. If the purchaser from the general assignee can-
not be concluded by any decision on the merits in this suit,
then the defendant should not be subjected to it. On no
theory can we justify the prosecution through the amendment
of an existing suit of a claim in which, under the findings of
the court, the plaintiff has no interest and which, until the
time of the amendment, was not in litigation. The assertion
of such a claim must be left exclusively to its owner who may
deal with it as he will.

The judgment appealed from should be affirmed, with costs.

O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ.,
concur ; GRAY, J., absent.

Judgment affirmed.