Foster, P. J.
Appeal from that part of an order and judgment of the Supreme Court, at Special Term, Broome County, which denied plaintiff’s motion for leave to amend his complaint.
Plaintiff was employed by the defendant corporation between October 24, 1938, and February 14, 1942. He left his employment on the last mentioned date. On November 14, 1944, he caused to be served on the defendant corporation a summons by service of the same on the Secretary of State. A long delay then ensued before a complaint was served. It is said that this delay was pursuant to an oral stipulation or understanding between counsel for the parties, and this averment is not denied. The complaint was finally served on August 27, 1947. It stated a cause of action for overtime pay under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 201-219, enacted June 25,1938). But in the meantime this act had been amended, effective as of May 14, 1947, denying to all courts jurisdiction to entertain a claim for overtime compensation under the 1938 act, except for activities compensable by virtue of an agreement existing between employer and employee, or compensable as a matter of custom and practice in a particular industry. This amendment is commonly known as the Portal-to-Portal Act of 1947 (IT. S. Code, tit. 29, §§ 251-262).
Prior to this enactment a plaintiff, in an action for overtime pay under the original act, was not required to allege that *11 such pay was due by virtue of contract or custom. Plaintiff’s complaint alleged a cause of action under the original act but did not meet the requirements of the amended act because it did not allege that his claim embraced activities compensable by reason of contract or custom.
On June 29, 1948, defendant moved to dismiss the complaint on the grounds that it did not state a cause of action and that the court had no jurisdiction. On this motion plaintiff in effect-conceded that his complaint did not state a cause of action under the Portal-to-Portal Act and made a cross motion for leave to amend, so as to allege that his claim was compensable by contract and hence came under one of the exceptions noted. Defendant’s motion to dismiss the complaint was granted at Special Term and plaintiff’s cross motion for leave to amend was denied. As we read the decision made by the judge at Special Term leave to amend was not denied merely as a matter of discretion. The court held in effect that plaintiff’s claim was barred by the Statute of Limitations set forth in the Portal-to-Portal Act and that to permit plaintiff to amend his complaint would in effect permit him to plead a new cause of action which the court was without jurisdiction to entertain.
The Statute of Limitations contained in the Portal-to-Portal Act, insofar as pertinent, reads as follows: “(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947, unless at the time commenced it is barred by an applicable State statute of limitations.” (U. S. Code, tit. 29, § 255, subd. [c].)
The action referred to is one where the demand for overtime compensation is claimed to be due under contract or custom. Thus for any such cause, accruing prior to May 14, 1947, the effective date of the amendment, an action had to be commenced within 120 days thereafter or else it was barred. In view of this limitation the court below held that plaintiff’s application to amend could not be granted since it was made long after the 120-day period had expired.
It has long been accepted in this State that the power of the Supreme Court to grant an amendment to a pleading is plenary in nature. An amendment to a complaint may be allowed to bring in additional claims which at the time would be barred by the Statute of Limitations if a new action was then brought upon them (Hatch v. Central National Bank, 78 N. Y. 487; Foster v. Central National Bank, 183 N. Y. 379; Harriss v. *12 Tams, 258 N. Y. 229). Hence, as a matter of pleading, there is no doubt that the court below had power to permit the proposed amendment even though it introduced a cause of action then barred by the Statute of Limitations. But the rule we have stated is qualified by another principle of pleading that where such an agreement is allowed the defendant cannot be deprived of his defense of the Statute of Limitations (Davis v. N. Y., Lake Erie & Western R. R. Co., 110 N. Y. 646). In this case there is no issue of fact as to the running of the statute. If it is a good defense at all it is an absolute one, and hence no useful purpose would be served in permitting an amendment to the complaint if such a defense is good. We must therefore determine whether the Statute of Limitations set forth in the Portal-to-Portal Act would be a good defense to the proposed amended complaint.
There is no exact and invariable formula to apply to a solution of this problem. The general test is whether the amendment substitutes an entirely new obligation or liability. If it merely expands or amplifies a cause of action already asserted, although defectively pleaded, it may be said to relate back to the commencement of the action and is then not affected by the intervening lapse of time (Harriss v. Tams, supra; Seaboard Air Line Ry. v. Renn, 241 U. S. 290). To some extent the cases cited indicate that the determination of such a problem ought to LT0 made pragmatically, based on consideration of fairness. And there is strong ground to support a proposition that a liberal rule should be applied in favor of the pleader (New York Central & Hudson River R. R. Co. v. Kinney, 260 U. S. 340; Friederichsen v. Renard, 247 U. S. 207).
We do not take the view that the Portal-to-Portal Act was intended in any way to limit the power of a State court to permit the amendment to a pleading in conformity with general practice. Guided by the trend of liberality which we glean from the cases cited we think that plaintiff’s application to amend should have been granted. The complaint herein was served within 120 days after the effective date of the amended act, that is, May 14,1947. It is true that it did not state a cause of action within the act because of a technical omission to allege that overtime activities sought to be compensated for were compensable as a matter of contract, but nevertheless it alleged facts which were sufficient to apprise the defendant of the nature of the claim. In a substantial sense the general obligation pleaded is the same as that proposed to be pleaded *13 by amendment, the omission being only the failure to plead a technical conclusion that such obligation arose as a matter of contract. The situation is somewhat analogous to a case where a plaintiff fails to allege the filing of a notice of claim against a municipality and the Statute of Limitations has run before he applies for an amendment to supply the missing allegation. An amendment for that purpose has often been allowed although the complaint was fatally defective at the time the statute had run. Courts have been mindful in cases of this character that a complaint is merely a procedural step in bringing a dispute before the court for decision, and justice requires that the facts should control and not technical omissions on the part of the pleader.
While the matter here is not free from difficulty we are constrained to hold under the circumstances disclosed that the amendment proposed did not constitute a wholly different obligation or liability beyond that alleged in the original complaint, and extended merely to an amplification of the original obligation pleaded. Therefore it related back to the summons. In view of these considerations we think the court below misapprehended the scope of its power and that plaintiff’s application for leave to amend should have been granted upon proper conditions.
The order and judgment, insofar as they deny plaintiff’s motion to amend his complaint, should be reversed, with costs and disbursements on appeal to appellant. Plaintiff’s motion to amend his complaint is granted, without costs, and the amended complaint should be served forthwith upon the entry of an order herein; the defendant to have twenty days in which to answer.
Brewster, Deyo, Santry and Bergan, JJ., concur.
Order and judgment, insofar as they deny plaintiff’s motion to amend this complaint, reversed, on the law and facts, with costs and disbursements on appeal to appellant.
Plaintiff’s motion to amend his complaint granted, without costs, and the amended complaint is to be served forthwith upon the entry of an order herein; the defendant to have twenty days within which to answer.