Jacob J. Schwartzwald, J.
Movant in this negligence action seeks, inter alia, leave to serve an amended complaint and amended bill of particulars as proposed, on the ground that certain wording- therein was incorporated through mistake and inadvertence.
The court may in its discretion, pursuant to sections 105 and 111 of the Civil Practice Act, permit correction of a mistake, since the complaint is merely a procedural step in bringing- the' dispute before the court for decision and justice requires that the facts should control (Breuer v. Treffinger, 143 N. Y. S. 2d 488).
The defendant opposes the granting of the relief sought on the ground that to do so would be contrary to subdivision 6 of section 49 of the Civil Practice Act. With this contention I cannot agree. *933 Subdivision. 6 of section 49 as here pertinent states:
“ Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued:
* * *
“ 6. An action to recover damages for * * =::= a personal injury, resulting from negligence.”
In the instant case the action is already in being, against the same defendant, arising out of the same occurrence. No new causes of action are contemplated by movant, only amplification and expansion of the claim is here sought. “ [A]n amendment which merely amplifies the cause of action, as in the present case, will be permitted even though the statute of limitations has run between the commencement of the action and the amendment.” (Breuer v. Treffinger, supra, p. 490; Lewis v. Wilson & Co., 275 App. Div. 9.)
“ The power of the Supreme Court to grant an amendment is most plenary. It may permit a plaintiff by an amendment of a pleading to bring in additional claims which at the time would be barred by the Statute of Limitations if a new action were then brought upon them.” (Foster v. Central Nat. Bank, 183 N. Y. 379, 385.) The policy of the courts, and properly so, is that amendments to pleadings should be liberally allowed so that the parties may put their pleadings in such shape that all issues between them can be litigated. The amendment as sought, in the court’s opinion, works no prejudice on defendant. The merits and legal sufficiency of the proposed amended pleadings are ordinarily left to the subsequent course of the action (Whitestone Realty Corp. v. Malba Properties, 4 A D 2d 688).
Accordingly, the motion is in all respects granted. Plaintiff is directed to serve the amended complaint and amended bill in the form proposed within 10 days from the service of a copy of this order together with notice of entry thereof. Submit order.