.JUDGE ELLIOTT
delivered the opinion of the court.
By the provisions of the General Statutes a vendor of real -estate can enforce a lien against his immediate vendee, although he has made a deed and-failed to state therein the amount of ithe unpaid purchase price of the land, as the General Statutes only provide that “when any real estate shall be conveyed and the consideration, or any part thereof, remains unpaid, the *371 grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid.”
As appellee bought the land at commissioner’s sale, and then sold and had the land conveyed to appellant by the commissioner, he is her vendor, making his conveyance, however, through the court’s commissioner by appellant’s consent, and therefore, as appellant bought from appellee, and does not deny that the balance due on the purchase is the sum adjudged in this suit, we do not think that the court erred in enforcing. appellee’s lien therefor.
But we are of opinion that the court erred to appellant’s prejudice by its failure to describe the land adjudged to be sold.
This court has heretofore several times decided that a judgment directing a sale of land should be so certain and specific in the description of the land, as well as in the duties to be performed by the court’s officer, as would enable that officer to perform those duties without reference to or inspection of any other paper or pleading in the cause, and we are of opinion that the interest of the parties to these sales, as well as of the purchasers, invokes a strict adherence to our former adjudications on this subject.
Appellee’s suit was pending in Whitley County, and yet the judgment did not inform the court’s commissioner where the land was located, or that it was in the county of Whitley.
As there is a total absence of any description of locality or boundary of land sought to be sold by the judgment, the same is reversed, and cause remanded for further proceedings consistent with this opinion.