JOHN W. POOR, ET AL. *v.* JOHN T. LEAVELL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—769, 779.]

**Title by Adverse Possession.**

     Where the holder of the record title to real estate and those under whom he claims have had the adverse possession of the land, claiming it under deeds duly recorded for more than thirty years, his title is good.

**Widow's Dower.**

     The widow is not entitled to dower in real estate sold to satisfy the lien for the purchase-money of the land.

APPEAL FROM WASHINGTON CIRCUIT COURT.

March 29, 1884.

OPINION BY JUDGE LEWIS:

November 8, 1877, appellant, Z. E. Motley, sold his farm, supposed to contain about four hundred acres, to appellees, for a part of which they agreed to pay $20 per acre and for the residue $15 an acre. He at the same time executed a bond covenanting to convey the land as soon as it could be done, and in terms guaranteed a good title. In 1878 he caused the land to be surveyed, and in conjunction with John R. Merritt, whose relation to it will be hereinafter explained, executed and tendered a deed therefor to appellees. But there is some controversy, which we do not consider it now necessary to determine, whether the deed was accepted by appellees.

A part of the purchase-price has been paid, and the notes for the residue assigned to appellant, Poor, who instituted this action for

35

judgment on the notes and the enforcement of the lien on the land for the payment of them. Appellees resist a recovery on the notes, and in their answer, make a cross-petition against appellant, Merritt, and seek a rescission of the contract and judgment for the portion of the purchase-money already paid by them, upon the ground that the vendor is unable to make a good title to the land.

It appears that in 1851 a commissioner of the Washington Circuit Court conveyed on behalf of all but one of the heirs of Matthew Fleming a portion of the land to Hughes, who conveyed it to Best, the immediate vendor of appellant, Merritt. Hughes held deeds for the residue of the land from other parties which seem to have been regularly executed. But appellant has not a connected chain of title from the commonwealth for any part of the land and has therefore to rely upon a possessory title. It is alleged by him that he and those under whom he claims have had the adverse possession of the land claiming it under deeds duly recorded for more than thirty years. As this allegation is not denied by appellees it may be considered as established that at the time they purchased the land appellant had acquired a good title thereto.

It is contended that there exists a lien upon the land in favor of the assignee of Best, the immediate vendor of appellant, Merritt, which has never been discharged. Best obtained in the Garrard Circuit Court a personal judgment against this appellant upon the last of the purchase-money notes, upon which an execution issued and was replevied. Afterwards appellant, Poor, a surety in the bond, paid it off and transferred, or caused Best to transfer to his son the benefit of the lien on the land. But the assignee who had never been married died a short time thereafter intestate, leaving his father and mother his only heirs, who have duly executed and tendered to appellees a release of the lien and claim held by their son. But it is contended that his personal representative and not they, became entitled to it. Conceding this to be so, yet in the absence of any allegation that an administrator has ever been appointed or that any demands so exist against his estate except the inconsiderable amount created for funeral expenses, for which appellant, Poor, has made himself liable, we do not think there is a defect in the title on that account.

About 1874 appellant, Merritt, sold and conveyed the land to his son, John R. Merritt, and assigned the notes given by him for

the purchase-price to Burton. But these notes have been canceled and John R. Merritt has divested himself of title by writing with appellant, Z. C. Merritt, in the deed tendered to appellees and which is now lodged for record in the proper office. In 1871 appellant sold and conveyed the same land to Dorris, but no lien was retained in the deed for the purchase-money. Subsequently appellant recovered personal judgment upon the notes for unpaid purchase-money and caused executions to be issued thereon and levied upon the land, and it was sold and purchased by appellant and the equity of redemption was also sold and likewise purchased by him. Afterwards a compromise of suits pending between appellant and Dorris in relation to the land was made and entered on record, by which the original contract was rescinded and the possession of the land given up to appellant and all his claim on Dorris released, and thereafter the sheriff made a deed to appellant, Merritt, for the land.

Dorris having by the sheriff's deed been divested of the legal title and by the terms of the compromise having surrendered the possession, the only question is whether his widow is now vested with the inchoate right of dower. It has been held by this court in the case of *Ross v. Adams,* 13 Bush (Ky.) 370, that "By the provisions of the general statutes a vendor of real estate can enforce a lien against his immediate vendee, although he has made a deed and failed to state therein the amount of the unpaid purchase-price of the land." See Gen. Stat. 1883, ch. 63, art. 1, § 24. It therefore follows that as it is provided by the general statutes the wife shall not be endowed of land sold to satisfy a lien for the purchase-money, her dower was defeated by the sale of the land to appellant, Merritt, under execution which was made to pay the balance of purchase-money due him, and is not now an incumbrance. Gen. Stat. 1883, ch. 52, art. 4, § 5.

In our opinion appellants made out a good title to the land, free from liens and incumbrances; and the court erred in rescinding the contract and dismissing appellant's, Poor's, petition. Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this petition.

*John W. Lewis, for appellants.*
*W. E. Riley, W. B. Harrison, for appellees.*