Chief Justice Simpson
delivered the opinion of the Court.
Tins action of debt was brought by Smith, against Yantes, on a supersedeas bond, executed by the latter, as surety. The bond is in the penalty of one thousand dollars, and contains the usual condition. The defendant filed several pleas, all of which rely substantially upon the same matter of defence. In these pleas it is admitted, that the decree in favor of Smith, to supersede which the bond had been executed, had been affirmed by the Court of Appeals, but it is alledged that after the affirmance and before the commencement of the present suit, the bond sued on had been sold and assigned away by the plaintiff, who had no right or title to it. The pleas were demurred to by the plaintiff, the demurrers sustained, and a jury having been dispensed with by the agreement of the parties, a judgment was rendered for the plaintiff, and the defendant has prosecuted a writ of error to reverse it.
The only question to be determined, is, whether a supersedeas bond is assignable under the statute, so that the title and right of action by the assignment is transferred to the assignee.
It was decided in the case of Anderson vs Bradford, (5 J. J. Marshall, 69,) that a replevin bond was not embraced by the statute, and was not assignable.
A supersedeas bond, is taken by the clerk of the Court, and has by law to remain in his office. It cannot pass from hand to hand, and if it be made the subject of transfer, it must be done, by a writing executed upon a separate paper, which becomes the substitute and representative of the real subject of the transfer. *396 It is not properly speaking a bond for money, but only secures the payment of money, in the form of unascer-tained damages, upon a contingency, which may never occur. Its assignment cannot have the legal effect, to transfer, to the assignee, the title, to the judgment or decree, the payment of which it is intended to secure. An execution upon such judgment or decree, would still have to issue in the name of the party in whose favor it was rendered. If the title and right of action pass to the assignee by an assignment of the superse-deas bond, the strange anomaly' would be presented that the legal title of the judgment or decree secured? by the bond remained with the assignor, although the legal title to the bond itself passed to the assignee. The opinion of the Court is, that a supersedeas bond is not embraced by the statute, and that its assignment does not transfer the right of action to the assignee.
Turner and Burton, for plaintiff; Rice and Burdett, for defendant.
The plea which alleges that the assignment was made to Richard M. Robinson, does not present' any other matter of defence than the fact of the assignment. It does not allege that the assignee is the same Richard M. Robinson, against whom the decree was rendered, which was superseded by the bond, or that ho was beneficially interested in the assignment made to him, or that it was of such a character as to operate as an extinguishment, or equitable satisfaction of the demands secured by the supersedeas bond. The demurrer to this plea, as well as to the others was therefore properly sustained.
Wherefore the judgment is affirmed.