CASE 77—PETITION EQUITY—NOVEMBER 14.

# Maddox, &c. v. Fox, &c.

### APPEAL FROM MASON CIRCUIT COURT.

1. WHEN A STATUTE PROVIDES A REMEDY, the party seeking to obtain it must comply strictly with its provisions.

2. ON A RETURN OF "NO PROPERTY FOUND" by the proper officer, the plaintiff may institute a suit for the discovery of any money, choses in action, etc., as provided in section 474 of the Civil Code, and may sue out an attachment without affidavit or bond, as provided in section 476.

    But in such an action the plaintiff must allege that the execution was directed to the county of the defendant's residence, or to the county where the judgment was rendered, and that it was returned "no property found" by the proper officer.

    An allegation that the plaintiff "had an execution issued and returned no property found by the sheriff" is insufficient.

3. WHEN THE PETITION FAILS TO STATE FACTS CONSTITUTING A CAUSE OF ACTION, unless its defects are cured by the answer, a judgment will be unauthorized, and on appeal will be reversed.

E. C. PHISTER, . . . . . . . . . . . For Appellant,

#### CITED

Ms. Op., Dec. term, 1856, Lex. & Dan. R. R. Co. v. Morrissey. Civil Code, sections 474–478, 863, 393.

18 B. Monroe, 529, Watson v. Gabby.

4 Bush, 385, Calloway v. Commonwealth.

1 Code Rep. N. S. 347, Cooper v. Clason.

16 Howard, 275, Campbell v. Foster.         2 Metcalfe, 286.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

By the provisions of chapter 5, title 10, section 474, of the Civil Code, the plaintiff, after he has obtained his judgment, and had an execution issued thereon "directed to the county where the judgment was rendered, or to the county of the defendant's residence, and a return of no property found by

the proper officer, may institute an action by equitable proceedings in the court from which the execution issued, or in the court of the county where the defendant resides or is summoned, for the discovery of any money, choses in action, legal or equitable interests," etc. Section 476, same chapter, gives to the plaintiff an attachment similar to the general attachment provided by law, without affidavit or bond.

In order to obtain this remedy the plaintiff in his petition must conform to the requirements of the statute; he must allege that the execution was directed to the county of the defendant's residence, or to the county where judgment was rendered. The right to maintain such an action and obtain an attachment depends upon the existence of these facts, and in addition thereto the return of no property found by the proper officer. Where a statute provides a remedy, the party seeking to obtain it must comply strictly with its provisions, and will certainly be required to conform to it when such a summary process as the proceeding by an attachment is authorized.

The only allegation by the plaintiff in either petition is that "he had an execution issued and returned no property found by the sheriff." This is deemed altogether insufficient, and did not authorize the judgment in the court below. The execution is not made part of the pleadings, and the answer by defendants does not cure or waive this error.

As the petition fails to state facts constituting a cause of action, the plaintiff on the return of the cause may be allowed, if he desires, to amend his petition for the purpose of obtaining an attachment, etc. It is also proper to permit the appellants to controvert the denial by Orr of his indebtedness by proof.

Wherefore the judgment of the court below is reversed, and cause remanded for further proceedings not inconsistent with this opinion.