CASE 32—PETITION EQUITY—OCTOBER 13.

# Smith v. Belmont & Nelson Iron Company.

APPEAL FROM BULLITT CIRCUIT COURT.

1. ORDERS OF ATTACHMENT AND LEVIES THEREUNDER are *prima facie* valid and regular.

2. THE ACT AUTHORIZING CREDITORS TO GARNISHEE BEFORE JUDGMENT NOT REPEALED.—The act of March 15, 1870, " to authorize creditors in certain cases to garnishee before judgment or return of no property," is in effect an amendment to section 221 of the Civil Code, and was not repealed by the adoption of the General Statutes.

No intention to repeal can be inferred from the application of the same remedy to justices' courts by section 5, article 21, chapter 28 of the General Statutes, which does not purport to regulate the general subject of attachments. This is not in conflict with the rule in the Broaddus will case, 10 Bush, 299.

3. WHERE A CLAIM ALREADY REDUCED TO JUDGMENT BECOMES THE PROPERTY IN EQUITY OF ANOTHER BY ASSIGNMENT, he will not be entitled to a second judgment, but can only enforce the first by the remedies provided by law for the enforcement of the satisfaction of judgments.

R. J. MEYLER,  ⎱  . . . . . . . . . . For Appellant,
D. M. RODMAN,  ⎰
                        CITED
    Civil Code, secs. 1, 7, 9, 12, 221, 120–123, 40, 18, 73, 30,
        225, 226, 474.
    General Statutes, p. 311, chap. 28, art. 21, secs. 4, 5.
    Act March 15, 1870, title Attachments.

R. H. FIELD, . . . . . . . . . . . For Appellee,
                        CITED
    Civil Code, sec. 474.
    11 Bush, 330, Davidson v. Simmons.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The original affidavit produced to this court shows upon its face that the appellant sued out his attachment on two grounds. There is nothing in the paper from which it can be inferred that the second ground has been incorporated into it since it was filed. The interlineation seems to have been made at the same time and with the same pen and ink and by the same person who wrote the body of the paper. Without this interlineation the last sentence of the affidavit would be incomplete and senseless. With it there is a perfect sentence, setting out the ground of attachment provided by the act of 1870. The evidence heard preponderates very strongly in favor of the conclusion above stated.

It is not necessary to express an opinion as to the effect of the appellee's filling up the blank left by the clerk in the orders of attachment, or to the officer to whom they were to be directed. There was no motion made to quash or suppress these orders, nor to quash the levies made under them, and the question indicated was not before the court below for adjudication. The orders and levies are *prima facie* valid and regular, and under the proceedings in this case they must be so treated.

The evidence heard sustains fully the ground set up under the act of March 15, 1870. This act was not repealed by im-

plication by the adoption of the General Statutes, nor by the repealing clause contained in article 1 of the act to adopt said statutes. The said act of March 15, 1870, is in effect an amendment to section 221 of the Civil Code of Practice. The Codes of Practice, as far as their provisions are consistent with the General Statutes, are expressly excepted from the repealing clause of the act by which they were adopted.

Sec. 5, art. 21, chap. 28 of the General Statutes, which authorizes justices of the peace to issue attachments upon an affidavit showing that the plaintiff's claim is just and that his demand will be endangered by delay arising before judgment or return of no property found under an execution, and that the defendant has not property in this commonwealth subject to execution sufficient to pay said claim, is in no respect inconsistent with section 221 of the Civil Code as amended by the act of 1870. It, at most, but makes a special and possibly an unnecessary application of said section of the Code to justices' courts. But, if this were not so, said section 5 does not purport to regulate the general law upon the subject of attachments. It is confined to justices' courts, and the rule announced in the Broaddus will case can not be so construed as to make it affect, to any degree, attachment proceedings in other and superior courts.

The court below erred in discharging appellant's order of attachment, and its judgment is reversed and the cause remanded with instructions to sustain said order.

The court also erred in rendering a personal judgment against the cross-appellant, the Belmont & Nelson Iron Company. Smith, as the assignee of Briscoe, was in equity the owner of a claim against said company, which had already been reduced to judgment. He has no right to a second judgment. He must be content with the first, and must enforce it, if at all, by the remedies provided by law for the enforcement of the satisfaction of judgments.

For the purpose of correction of this error the judgment is reversed upon the cross-appeal.

The cause is remanded for further proper proceedings.