AMERICA TANNER, ET AL., v. J. W. HOWARD.

[Abstract Kentucky Law Reporter, Vol. 1—343.]

**Suit to Subject Property to Pay a Judgment.**
> A proceeding to subject the defendant's interest in property to pay a judgment against him can only be maintained after execution and a return of no property found, and such an execution must be directed to the county where the judgment was rendered or of the defendant's residence.

**Jurisdiction of Parties.**
> In a suit to subject an interest in property to pay a judgment against the owner of such interest all parties in whom was the equitable title should be brought before the court.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE HINES:

This is a proceeding, under Sec. 474 of Myers' Code (439 of the present code), after return on "no property" on an execution on a common-law judgment, to subject real estate, in which the defendant in the execution had an equitable interest, to the payment of the debt. After the institution of the action the defendant, who was warned to appear, died, and an attempt was made, under Sec. 566 of Myers' Code, to revive the action against the heirs, some of whom were infants. Without any affidavit as to the nonresidence of the heirs, as required by Sec. 89, an order of revivor was entered against them and served on a portion of them and returned "not found" as to others. No guardian was appointed by the court to defend for the infants served as required by Chap. 4, Art. 3, of Myers' Code; nor was there any amended pleading making the infant heirs parties to the action. By amended pleading it appeared that Taylor held the legal title to the land sought to be subjected to the payment of the claim of appellee, and he was by order of court made a party to the action; but he was not brought before the court by process. From a judgment of sale and an order confirming the commissioner's report of sale the heirs and the purchaser appeal.

There are several reasons why we think the judgment should be reversed:

1. The petition does not allege that the execution on the common-law judgment was directed to the county in which the judgment was rendered or to the county judge of the defendant's residence, as required by Sec. 474 of the code. The allegation is, "that execution issued on said judgment and was placed in the hands of the sheriff, but said officer failed to make any part of it, owing to the legal insolvency of the said defendant." This is not sufficient. *Maddox v. Fox,* 8 Bush 402. 2. All the parties in whom was the equitable title were not before the court.

3. Taylor, in whom was the legal title, was not before the court.

4. No guardian was appointed to defend for the infant defendants who were before the court, if any were properly before the court.

5. The heirs were never made parties to the action by proper pleadings so as to bind them by the decree.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings.

*George W. Jolly, for appellants.*