JOHN BOYER v. W. C. LINCOLN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—537.]

**Effect of Discharge in Bankruptcy.**

Where a defendant pleads and shows his discharge in bankruptcy, there can be no personal judgment against him. The remedy of the plaintiff was to subject the land upon which the debt sued on was a lien.

**Homestead.**

One is not entitled to a homestead in land which he and his wife

have mortgaged, where by the terms of the mortgage the homestead was conveyed, and the mortgage has been foreclosed, and the property sold and in the possession of the purchaser.

## Amendment of Officer's Return.

The court has the power, when the parties in interest are before it, to cause the return of an officer to be amended or corrected so as to speak the truth without regard to whether the term of office of the person making the return has expired.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

January 24, 1882.

OPINION BY JUDGE HINES:

The judgment in this case must be reversed, first, because of the personal judgment in favor of W. C. Lincoln. Appellant having been discharged in bankruptcy, appellee Lincoln's only remedy was to subject the land on which the debt sued on was a lien. Secondly, it must be reversed because the judgment gives ten per cent. interest on the amount adjudged in favor of Lincoln from January 1, 1878, when it should have been for the rate of interest fixed by law at the date of the note, Nov. 28, 1871. The note sued upon with the then legal interest was a lien upon the land, but the subsequent agreement to pay ten per cent. interest was a personal undertaking and did not give Lincoln a lien upon the land for its enforcement. Thirdly, the judgment must be reversed because of the personal judgment in favor of the appellee, Stoltz. He was not entitled to a personal judgment for two reasons: First, the bankruptcy of appellant; second, because he had already obtained a personal judgment in his common-law action.

But the record as presented does not show that appellant is entitled to a homestead. It is alleged and is not denied that the tract of land on which the dwelling was situated and on which appellant resided had been mortgaged by himself and wife, that the mortgage by its terms conveyed the homestead right and had been foreclosed and the property sold, and that appellant was, at the time it was attempted to be subjected by appellees, occupying the premises as tenant of the purchaser at the mortgage sale. It does not matter that the land sought to be subjected in this proceeding is contiguous. Whether it is the same

or a separate tract is immaterial. The homestead having been mortgaged and disposed of, appellant does not hold in his own right, and is therefore not entitled to the exemption.

There can be no question of the power of the court, when the parties in interest are before it, to cause the return of an officer to be amended or corrected so as to conform to the truth, and that without regard to whether the term of office of the person making the return has expired; nor is there any question that the lien attached on making the levy, notwithstanding the erroneous return, and that it continued to be enforced in the state courts, notwithstanding the subsequent bankruptcy of appellant.

Judgment *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Edwards & Seymour, for appellant.*

*W. P. Lincoln, Humphrey Marshall, for appellees.*