Vol. 101]        APRIL TERM, 1897.                219

Nashville, Chattanooga & St. Louis R. R. Co., v. Mattingly & Sanders.

CASE 37—PETITION EQUITY—APRIL 30.

# Nashville, Chattanooga & St. Louis R. R. Co., v. Mattingly & Sanders.

APPEAL FROM MARION CIRCUIT COURT.

1. PRACTICE IN CIVIL CASES—JUDGMENTS.—Before a suit can be maintained under the provisions of section 439, of the Civil Code, to enforce a judgment, there must have been an execution issued directed to the county in which the judgment was rendered, or to the county of the defendant's residence, and returned by the proper officer, as to the whole. or part thereof, in substance, no property found. When such extraordinary remedies are afforded a judgment creditor as are provided by that section, in proceeding under them the law should be strictly followed; and the fact that the defendant in the judgment had property, as agent, in a county to which the execution was issued, which county was not the county of his residence, or the one in which the judgment was rendered, does not authorize the proceeding.

2. JURISDICTION—APPEALS—AMOUNT IN CONTROVERSY.—In this action for the enforcement of a judgment for ninety-five dollars and eighteen dollars and thirty cents costs, there is more than one hundred dollars in controversy exclusive of interest and costs, within the meaning of the statute regulating the appellate jurisdiction of this court.

H. P. COOPER FOR APPELLANT.

1. No execution having been issued to the county in which the judgment was obtained, nor to the county of the defendant's residence, this action to enforce a judgment under the provisions of section 439, of the Civil Code, had no standing in court, and the demurrer should have been sustained. Proctor v. Bell's Adm'r., 16 Ky. Law Rept., 823.

2. The record shows that the execution had never been returned "no property found," but had been returned because the appellees had refused to indemnify the sheriff against loss.

3. The plaintiff's petition says that the appellant is solvent, and yet the lower court undertook to put this non-resident corporation in the hands of a receiver.

220 KENTUCKY REPORTS. [Vol. 101

Nashville, Chattanooga & St. Louis R. R. Co., v. Mattingly & Sanders.

H. W. RIVES FOR APPELLEE.

1. The Marion circuit court having rendered the judgment sought to be enforced, has jurisdiction in an action upon return of "no property found" under the provisions of section 439, of the Civil Code. Civil Code, sec. 70; McDormant v. L. C. & L. R. R. Co., 11 Bush, 386; and the county of the defendant's residence in this case was Fulton county, that being the only county in the State in which it had a resident agent.
2. The appeal should be dismissed as the amount exclusive of interest and cost is only $95.00, the amount of the original judgment; the additional interest and cost were made necessary by appellant's reistance to its payment.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellee obtained a judgment in the Marion Circuit Court against the appellant for $95.00, with interest from September 28, 1894, and $18.30, cost of suit, and afterwards caused an execution to be issued thereon against appellant, directed to the sheriff of Fulton county, which execution was, as is alleged, returned in substance no property found.

December 24, 1894, appellees instituted an action in the Marion Circuit Court for the enforcement of said judgment, and obtained an attachment against the property of the appellant, and prayed for and obtained an order or judgment placing the appellant's railroad in the hands of a receiver, to be operated by him until the judgment and cost of operation should be paid, and from that judgment this appeal is prosecuted.

The answer and amended answer denied the jurisdiction of the court, and also denied the return of no property found. Both answers were stricken from the files or at least held to constitute no defense, and appellant's demurrer to the petition was overruled.

It is manifest from this record that appellant is a non-

resident of this State, hence was not a resident of Fulton county, the county to which the execution issued relied on by appellees.

It is true that the court of the county in which the judgment was rendered has jurisdiction of a suit to enforce the collection thereof according to the provisions of section 439 of the Code, but before any such suit can be maintained there must have been an execution directed to the county in which the judgment was rendered, or to the county of defendant's residence returned by the proper officer as to the whole or a part thereof, in substance no property found to satisfy the same.

It is not claimed in this case that any execution had ever been issued to Marion county, the county in which the judgment was rendered, nor is it claimed that the appellant resided in Fulton county. The fact that appellant had property as an agent in Fulton county can in no wise dispense with the requirements of the Code of Practice authorizing such actions as the one under consideration.

It will be seen that the provisions for enforcing the collection of judgments after proper return of no property found are ample, in fact extraordinary. This court, in Proctor v. Bell's administrator, 16 Ky. Law Rep., 824, in discussing this question, said: "Under these provisions of the Civil Code the judgment creditor by an equitable action can subject any chose in action, legal or equitable interest in any property to the satisfaction of the judgment." To aid in doing this without affidavit or bond he can procure an order of attachment against the property of the defendant.

By summary proceedings the court can enforce the sur-

render of money or securities therefor or for any other property of the defendant in the execution, which may be discovered in the action, and for such purpose may commit to jail any defendant or garnishee failing or refusing to make such surrender.    When such extraordinary remedies are afforded a judgment creditor, and such vast power is conferred upon the court to enforce it, the law should be strictly followed. (Maddox v. Fox, 8 Bush, 402; Weatherford v. Myers, 2 Duvall, 91; Clements v. Waters, 11 Ky. Law Rep., 880.)

The amount in controversy in this suit was more than $100, within the meaning of the statute regulating the appellate jurisdiction of this court.

The term "exclusive of interest and cost," as used in the statute, means the cost incurred in the suit and embraced in the judgment from which the appeal is taken.    In the case at bar the amount in controversy is not only $95, with several years' interest, but also $18.30, for which sum judgment has been heretofore rendered, and, besides, the judgment placing the railroad in the hands of a receiver is such a final order as gives this court jurisdiction of the appeal.

The other questions discussed by counsel need not be decided.

For the reasons indicated the judgment of the court below is reversed and the cause remanded, with directions to dismiss the petition of the appellees and for proceedings consistent herewith.