## TEXAS & NEW ORLEANS RAILROAD COMPANY *v.* MILLER.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 831. Submitted April 17, 1911.—Decided May 15, 1911

The protection of charter rights by the contract clause of the Federal Constitution is subject to the rule that a legislature cannot bargain away the police power, or withdraw from its successors the power to guard the public safety, health and morals.

A provision in its charter exempting a railroad company from liability for death of employés, even if caused by its own negligence, does not

amount to an irrevocable contract within the protection of the Federal Constitution, but is as much subject to future legislative action as though embodied in a separate statute.

Provisions in a corporate charter which are beyond the power of the legislature to grant are not within the protection of the contract clause of the Federal Constitution.

Where there is no allegation or proof that the highest court of a State has construed a statute of that State, it becomes the duty of the courts of another State, which do not take judicial knowledge of decisions of other States, to construe the statute and its effect upon prior statutes according to their independent judgment. *Louisville & Nashville R. R. Co.* v. *Melton,* 218 U. S. 36.

The decision of a state court construing a statute of another State under such circumstances is not subject to review by this court if no Federal right is involved. *Eastern Building & Loan Assn.* v. *Ebaugh,* 185 U. S. 114.

This court will not disturb the decision of the courts of Texas that the act of Louisiana of 1884, giving a right of action to relatives of persons killed by negligence of another, repealed the provisions in the charter of a railroad company granted in 1878 exempting it from liability for a person killed by its negligence; and the act of 1884 is not unconstitutional as impairing any contract obligation in such charter.

An omission in the complaint can be cured by an allegation in the answer. *United States* v. *Morris,* 10 Wheat. 246.

Where an action is commenced in the courts of one State, based on a right given by the statute of another State provided it be commenced within a specified period, which has not expired, the omission of the plaintiff to plead the statute may be cured by the defendant pleading the statute, although the answer may not be filed until after the period of limitation has expired; and the decision of the state court to that effect does not violate the full faith and credit clause of the Federal Constitution, and involves no Federal question.

128 S. W. Rep. 1165, affirmed.

THE facts, which involve the construction of certain acts of Louisiana, and their constitutionality under the contract clause of the Constitution and whether the courts of Texas, in construing them, had failed to give them full faith and credit as required by the Constitution, are stated in the opinion.

*Mr. Maxwell Evarts,* with whom *Mr. H. M. Garwood* and *Mr. A. L. Jackson* were on the brief, for plaintiffs in error:

The immunity provision in § 17 of the incorporating act of the Louisiana Western Railroad Company was specially set up by plaintiffs in error as a valid public act of the State of Louisiana, and the decisions of the state courts of Texas were adverse to this contention and necessarily failed to give full faith and credit to that portion of a public act, within the meaning of the Constitution of the United States.

The refusal to consider a controlling Federal question is equivalent to a decision against the Federal right involved. *Des Moines Nav. Co.* v. *Iowa Homestead Co.,* 123 U. S. 552.

The state court by its decision necessarily adjudicated the defense which was claimed under the state act. *El Paso & N. E. Ry. Co.* v. *Gutierrez,* 215 U. S. 90; *Wabash Railroad* v. *Adelbert College,* 208 U. S. 38, 44; *A., T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55; *Land & Water Co.* v. *San Jose Ranch Co.,* 189 U. S. 179; *Philadelphia Fire Assn.* v. *New York,* 119 U. S. 110, 139; *Murdock* v. *Memphis,* 20 Wall. 590; *Mallett* v. *North Carolina,* 181 U. S. 588.

The immunity provision contained in § 17 was a contract within the meaning of the impairment clause of the Constitution. *Pennsylvania Railroad Co.* v. *Miller,* 132 U. S. 75; *Southwestern Railroad Co.* v. *Paulk,* 24 Georgia, 356; *Duncan* v. *Pennsylvania Railroad Co.,* 94 Pa. St. 443.

The fact that the Texas court took cognizance of this case and undertook to apply the Louisiana statute conferring this right of action for injuries resulting in death implies the conception of that court that the Louisiana act was not in the nature of a police regulation, for the statutory right of action in Texas for injuries resulting in death awards damages only to certain designated relatives and strictly as compensation, and not upon principles

of public policy. *I. & G. N. Ry. Co.* v. *McDonald*, 75 Texas, 46; *Hays* v. *Railway Co.*, 46 Texas, 272; *Railway Co.* v. *Moore*, 69 Texas, 157; *Railway Co.* v. *Garcia*, 62 Texas, 292; *Railway Co.* v. *Cowser*, 57 Texas, 293; *Railway Co.* v. *Kindred*, 57 Texas, 491. Assuming that the Louisiana act did not award damages on the same principles and theory of the Texas act there would have been an insurmountable obstacle to the recognition and enforcement of the Louisiana act by the courts of Texas on principles of comity. *Railway Co.* v. *Jackson*, 89 Texas, 107; *DeHarn* v. *Railway Co.*, 86 Texas, 71; *Railway Co.* v. *McCormick*, 71 Texas, 660. If the Louisiana act of 1884 was penal, it would not be transitory and therefore not enforcible in the courts of other States. *Boston & Maine R. R. Co.* v. *Hurd*, 108 Fed. Rep. 116; *Higgins* v. *Central N. E. & W. Ry. Co.*, 155 Massachusetts, 176; *Nelson* v. *Chesapeake & Ohio Ry. Co.*, 88 Virginia, 971.

Article 2315 of the Civil Code of Louisiana, as amended by the act of 1884, created a right of action for injuries resulting in death and by its own language made it enforcible only for the period of one year from the death.

The transition from the case in plaintiffs' petition as fixed by its allegations alone, to the case made by a declaration upon the Louisiana statutory right of action in favor of the survivors mentioned for injuries resulting in death, as claimed to be the effect of the filing of the answers of defendants more than two years after the death, involved such a departure from law to law as to amount to the institution of a new and different cause of action. *Railway Co.* v. *Wyler*, 158 U. S. 285, 298; *Lumber Co.* v. *Water Works Co.*, 94 Texas, 456; *Whalen* v. *Gordon*, 95 Fed. Rep. 314; *Anderson* v. *Wetter*, 15 L. R. A. (N. S.) 1003; *Boston & Maine R. R. Co.* v. *Hurd*, 108 Fed. Rep. 116; 1 Ency. of Pl. & Pr., pp. 569, 570.

In this case the right of action in favor of the survivors under the Louisiana statute obtained for a period of one

year from the death and the right of action therefor lapsed
and terminated without the commencement of an action
upon it within that period, and could not thereafter exist
as a right potential or enforcible anywhere. *Boyd* v. *Clark*,
8 Fed. Rep. 849; *Whalen* v. *Gordon*, 95 Fed. Rep. 319;
*Theroux* v. *Railway Co.*, 64 Fed. Rep. 84; *Munos* v. *So.
Pac. Co.*, 51 Fed. Rep. 188; *The Harrisburg*, 119 U. S.
199; *Davis* v. *Mills*, 194 U. S. 451, 457.

In fact there is no longer even a *prima facie* right of
action as basis for recovery and the rule requiring the
ordinary statute of limitation to be pleaded in order to
avail as a defense is not called for and does not apply.
19 Am. & Eng. Ency. of Law, 2d ed., 150, 151; 13 Ency.
of Pl. & Pr., 186, 187, and note 1; 25 Cyc. 1020, 1403.

The state courts having considered and adopted the
Louisiana statute as the indispensable basis for the judg-
ment and this solely through the medium of the defend-
ant's pleading which was filed more than two years after
the death, on the theory that such pleading when so filed
became available as a declaration in behalf of the plain-
tiffs below, could not ignore the provision of that same
act fixing and limiting the period of the right created
without involving necessarily a refusal to give full faith
and credit to the act. *Des Moines Nav. Co.* v. *Iowa Home-
stead Co.*, 123 U. S. 552; *Land & Water Co.* v. *San Jose
Ranch Co.*, 189 U. S. 179–181; *Philadelphia Fire Assn.* v.
*New York*, 119 U. S. 110, 129.

*Mr. J. W. Parker* for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.

In that view of it which must be accepted here, this
case may be stated as follows: It was an action to recover
damages for the death of a locomotive engineer, resulting

from the derailment of an engine which he was driving while in the service of two railroad companies which were jointly operating a line of railroad through the States of Louisiana and Texas. The derailment and ensuing death occurred in Louisiana, June 1, 1905, and proximately were caused by the negligence of the two companies. One of the companies was incorporated by a Louisiana statute of March 30, 1878, which contained a provision exempting the company from liability for the death of any person in its service, even if caused by its negligence. Laws of Louisiana, 1878, No. 21, § 17, p. 267. Another Louisiana statute, enacted July 10, 1884, and still in force, conferred upon designated relatives a right to recover the damages sustained by them through the death of a person negligently caused by another, but subjected the right to the limitation that the action to enforce it should be begun within one year from the death. Laws of Louisiana, 1884, No. 71, p. 94. Merrick's Revised Civil Code, Art. 2315. Within the time so prescribed the relatives so designated commenced in the District Court of Harris County, Texas, an action to recover from the two railroad companies the damages sustained by the engineer's death. The complaint, although stating all the facts essential to a recovery under the statute, was defective as a complaint in the Texas court, because it did not conform to the rule prevailing in that State that statutes of other States cannot be noticed judicially, but must be pleaded. More than a year after the death the defendants answered the complaint, and in their answers recognized the existence of the statute upon which the plaintiffs' action was founded, made allegations respecting it, and sought to enforce the one year limitation therein. At the trial the statutes of 1878 and 1884 were both duly proved, and upon all the evidence the finding and judgment were for the plaintiffs. The defendants appealed to the Court of Civil Appeals of the State, where the judgment was affirmed (128 S. W.

Rep. 1165), and then sued out this writ of error. In the trial court, and again in the Court of Civil Appeals, it was held (1) that the exempting provision in the statute of 1878 was repealed by the statute of 1884, and (2) that what appeared in the answers respecting the statute of 1884 cured the defect in the complaint and required that it be treated as an adequate and timely assertion of a right under that statute. In the assignments of error here these rulings are challenged upon the theory, which also was advanced in the state courts, that the exempting provision in the statute of 1878 was a contract and could not be repealed consistently with the contract clause of the Federal Constitution, and that, if that provision was validly repealed by the statute of 1884, the answers filed more than a year after the death could not be treated as curing the defect in the complaint without disregarding the one year limitation and thereby violating the full faith and credit clause of the Constitution.

The case is now before us on a motion to dismiss, with which is united a motion to affirm.

The doctrine that a corporate charter is a contract which the Constitution of the United States protects against impairment by subsequent state legislation is ever limited in the area of its operation by the equally well settled principle that a legislature can neither bargain away the police power nor in any wise withdraw from its successors the power to take appropriate measures to guard the safety, health and morals of all who may be within their jurisdiction. *Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Fertilizing Co.* v. *Hyde Park, Id.* 659; *Stone* v. *Mississippi*, 101 U. S. 814; *Douglas* v. *Kentucky*, 168 U. S. 488. In the first of these cases it was said:

"Whatever differences of opinion may exist as to the extent and boundaries of the police power, and however difficult it may be to render a satisfactory definition of it, there seems to be no doubt that it does extend to the

protection of the lives, health, and property of the citizens, and to the preservation of good order and the public morals. The legislature cannot, by any contract, divest itself of the power to provide for these objects. They belong emphatically to that class of objects which demand the application of the maxim *salus populi suprema lex;* and they are to be attained and provided for by such appropriate means as the legislative discretion may devise. That discretion can no more be bargained away than the power itself."

The fact that the provision in question was embodied in the statute incorporating the Louisiana company does not suffice to show that it became a part of the charter contract, for obviously nothing became a part of that contract that was not within the contracting power of the legislature. Such of the provisions of the statute as were within that power became both a law and a contract and were within the protection of the contract clause of the Constitution, but such of them as were not within that power became a law only and were as much subject to amendment or repeal as if they had been embodied in a separate enactment. As was said by this court in *Stone* v. *Mississippi, supra,* "It is to be kept in mind that it is not the charter which is protected, but only any contract the charter may contain."

The subject to which the provision in question relates is the civil liability of a railroad company for the death of its employés resulting from its negligence. That is a matter of public concern, and not of mere private right. It is closely connected with the safety of the employés and undoubtedly belongs to that class of subjects over which the legislature possesses a regulatory but not a contracting power. Manifestly, therefore, the charter contract did not embrace that provision and the contract clause of the Constitution did not prevent its repeal.

There is some discussion in the briefs as to whether the

provision was repealed by the statute of 1884, which was in apparent conflict with it, but upon this record that is not a Federal question. There was neither allegation nor proof that the court of last resort in Louisiana had considered the question or made any ruling upon it, and so it became the duty of the Texas courts, which do not take judicial notice of decisions of courts of other States, to decide the question according to their independent judgment. *Louisville & Nashville R. R. Co.* v. *Melton,* 218 U. S. 36, 52. This they did and, no Federal right being involved, their decision is not subject to review by this court. *Eastern Building and Loan Assn.* v. *Ebaugh,* 185 U. S. 114.

Of the ruling that the defect in the complaint was cured by the answers little need be said. While recognizing that the right created by the Louisiana statute was qualified by the one year limitation and that the Texas courts could not disregard the qualification without impinging upon the full faith and credit clause of the Constitution, we think the claim that they did disregard it is quite untenable. The action was begun within the time prescribed, and what the Texas courts really held was that the omission from the complaint of an essential allegation was cured by its inclusion in the answers. In so holding they but gave effect to a generally recognized rule upon the subject. *United States* v. *Morris,* 10 Wheat. 246, 286. There was no shifting from one right of action to another, as in *Union Pacific Railway Co.* v. *Wyler,* 158 U. S. 285, and *United States* v. *Dalcour,* 203 U. S. 408, 423, but, on the contrary, an adherence to the right originally asserted. In these circumstances nothing more was involved than a question of pleading and practice in the Texas courts, and its decision by them is final.

Although regarding the question presented under the contract clause of the Constitution as sufficiently substantial to sustain our jurisdiction, we think it is so mani-

fest that it was decided rightly by the Texas courts that the case ought not to be retained for further argument. See *Arrowsmith* v. *Harmoning*, 118 U. S. 194; *Richardson* v. *Louisville & Nashville R. R. Co.*, 169 U. S. 128; *Louisville & Nashville R. R. Co.* v. *Melton*, 218 U. S. 36, 49.

The motion to dismiss is denied, and that to affirm is granted.

*Affirmed.*