## Shaw et al. v. McKnight-Keaton Grocery Company.

(Decided October 22, 1929.)

224

HESTER & STAHR for appellants.

C. P. MABRY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This was a proceeding under section 439 of the Civil Code of Practice to enforce payment of a judgment. It was instituted by McKnight-Keaton Grocery Company against John W. Shaw, Drew Bacon, M. E. Shaw, and C. L. Shaw. The petition alleged the corporate capacity of plaintiff and continued:

"It states that in April, 1926, there was a judgment rendered against M. E. Shaw, C. L. Shaw, and A. C. Bacon, $312.41 with interest from Jan. 1st, 1926 and cost, same was rendered in the Fulton Circuit Court of Kentucky, in favor of H. B. Horner, and that execution was issued on said judgment in the following June and same was staid by replevin bond signed by the above defendants and John Shaw that in the meantime said chose in action has been sold and assigned to the above stated plaintiffs.

"It states that there was on July 1st, 1928, an execution issued on the replevin bond for $347.47

with interest from August 21st, 1926 and the additional sum of $1.10 cost and said execution was placed in the hands of John M. Thompson sheriff of Fulton County and that on the sheriff's return day he returned said execution marked 'No Property found to make this Fi Fa nor any part thereof this July 20th, 1928 signed C. H. Moore, D. S.' and that said bond remains due and unpaid. Copy of Bond and execution filed herewith as part hereof marked exhibits 'A' and 'B.' ''

The petition closed with an appropriate prayer for an order of attachment and for judgment against the defendants for the debt, interest, and costs. The exhibits referred to were not attached to the petition, and are not in the record. Upon the filing of the petition, an order of attachment was issued and levied upon twenty-one head of sheep, twenty-eight cows and one bull, and a copy served upon a garnishee, the Quality Products Company. The defendants demurred specially to the petition for a defect of parties because H. B. Horner, assignor of the judgment upon which the suit was based, was not made a party to the action. The special demurrer was overruled and an exception taken. A general demurrer was then filed and overruled, and an exception taken. The defendants declined to plead further, and the court rendered a personal judgment against them for the amount of the debt, interest, and costs, sustained the attachment, directed the garnishee to pay to the clerk of the court the funds in his hands to be applied as a credit on the judgment, and further directed the sheriff ''to advertise and sell on three months time with approved security and six per cent. interest the sheep and cattle attached herein, or enough thereof to finish paying this debt, interest and costs, and as soon as said bond is collected, he will pay the proceeds to O. C. Henry, Clerk.'' The case was retained on the docket for further orders. The defendants excepted to the judgment. Upon this motion for an appeal numerous complaints are made which will be noticed as the opinion proceeds.

1. It is first urged that error intervened in the ruling on the special demurrer, in that the action appeared to be by an assignee upon a judgment or replevin bond which was not assignable by statute, and, for that reason, the assignor in the judgment was a necessary party to

the action. The Civil Code of Practice, sec. 19, provides that, in the case of the assignment of a thing in action, the action is without prejudice to any discount, set-off, or defense now allowed; and, if the assignment be not authorized by statute, the assignor must be a party, as plaintiff or defendant. Cf. Builders' Duntile Co. v. W. E. Dunn Mfg. Co., 229 Ky. 569, 17 S. W. (2d) 715. By section 474, Kentucky Statutes, bonds, bills, or notes for money or property are made assignable so as to vest the right of action in the assignee, but all defenses are preserved except as to bills of exchange. It was held in Anderson v. Bradford, 5 J. J. Marsh. 69, that the statute, although comprehensive, did not embrace bonds given to replevy a judgment. Such bonds are taken by the officer and returned to the clerk's office to be there safely preserved and have the force of judgments upon which executions may issue. Whilst styled bonds, they are in truth equivalent to judgments. The court said:

> "They do not seem to have been contemplated by the legislature, as the subjects of transfer, by assignment, for they are withdrawn from the theatre of commerce, and by the express direction of the statute, are to be safely preserved by the clerk. In the case of Jones v. Powell, 5 Litt. 289, it was decided, that although such a bond may be assigned, the execution thereon must issue in the name of the obligee. The reason is, that the execution must pursue the judgment."

The principle of the case was followed in Yantes v. Smith, 12 B. Mon. 395, and Crawford v. Duncan, 7 Ky. Law Rep. 136. Cf. Miller v. Field, 3 A. K. Marsh. 104. While not assignable by statute so as to vest the legal title in the assignee, a judgment is nevertheless a chose in action subject to sale and equitable assignment, and may be assigned by parol as well as by written contract. Brown v. Lapp, 89 S. W. 304, 28 Ky. Law Rep. 409. But in any action upon the judgment by the assignee, who is the real owner of the chose, the assignor must be made a party. Allen et ux. v. Crockett et al., 4 Bibb, 240; Young v. Rodes, 5 T. B. Mon. 500; Elliott v. Waring, 5 T. B. Mon. 338, 17 Am. Dec. 69; Lytle v. Lytle, 2 Metc. 127. A judgment is extinguished by the execution of a replevin bond, and proceedings thereafter must be upon the bond in which the judgment is merged. Gray v. Merrill, 11

Bush, 633; Hoskins v. Parsons, 1 Metc. 251; Havens v. Foudry, 4 Metc. 247; Kouns v. Bank of Kentucky, 2 B. Mon. 303. The court should have sustained the special demurrer and required the assignor of the judgment to be made a party to the action.

2. It is next urged that the general demurrer to the petition should have been sustained. The material parts of the petition have been copied in full. A petition, based upon section 439 of the Civil Code of Practice is required to contain the following allegations or their equivalent: (1) That the plaintiff has recovered a judgment in person against the defendant, whose property or effects he seeks to attach. If the action is by an assignee of the judgment, the facts must be averred showing the assignment, and the assignor must be joined as a party. The judgment may be pleaded in general terms, and it is sufficient to state that the judgment or determination was duly given or made. Section 122, Civil Code of Practice. (2) That the judgment remains unsatisfied in so far as it is sought to be collected. (3) That the plaintiff has caused an execution to issue on the judgment directed to the county in which the judgment was rendered, or in which the defendant resided. (4) That the execution, while in full force and effect, was placed in the hands of an officer authorized to execute it. (5) That it had been returned by the officer indorsed, in substance, "no property found." If the judgment was rendered in the county in which the suit to enforce it is brought, the suit must be in the same court from which the execution issued. Adkins v. Meadows, 9 Ky. Ops. 124; Tanner v. Howard, 10 Ky. Ops. 793, 1 Ky. Law Rep. 343; Maddox v. Fox, 8 Bush, 402; N. C. & St. L. R. R. Co. v. Mattingly, 101 Ky. 219, 40 S. W. 673, 19 Ky. Law Rep. 374; Lewis v. Quinker, 2 Metc. 284. It is obvious that the petition in the present case did not comply with the requirements of the law, and it should be amended to conform to the principles enunciated.

3. It is also urged that the rendition of the second personal judgment was erroneous, in that it resulted in there being two judgments against the defendants on the same cause of action, one in favor of Horner and one in favor of the appellee. It is the settled rule in an action of this type that a second personal judgment should not be rendered. Ample remedies are given for the enforcement of the existing judgment. Smith v. Belmont &

Nelson Iron Co., 11 Bush, 392; Boyer v. Lincoln, 11 Ky. Ops. 437, 3 Ky. Law Rep. 537; Farmer v. Porch et al., 12 Ky. Ops. 633, 5 Ky. Law Rep. 933. It is urged by the appellee that this error is not available, since no motion was made under section 763 of the Civil Code of Practice to correct the judgment, which remedy must be first pursued. Section 763 of the Code provides that "neither a void judgment, nor a judgment against a defendant who shall have been only constructively summoned, and shall not have appeared in the action; nor any judgment which can be set aside or modified by the court which rendered it, upon motion made after the term during which it was rendered, shall be reversed or modified by the Court of Appeals, until a motion to set aside or modify the judgment shall have been made in the inferior court and overruled." But the personal judgment in this case was not a void judgment or one that could be corrected under section 763 of the Civil Code of Practice. It was merely erroneous, and, whilst there may be cases where such a judgment would not be prejudicial, it is clearly erroneous and prejudicial in a case like the present one, where the assignor of the original judgment is not a party to the subsequent proceedings.

4. Finally it is insisted that the judgment is uncertain as to the property ordered to be sold. It is the rule respecting judgments for the sale of real estate that the property must be so described as to enable the officer to identify it without looking to any other paper. Latham v. Lindsay, 130 Ky. 669, 113 S. W. 878; Neff v. Covington Stone & Sand Co., 108 Ky. 457, 55 S. W. 697, 56 S. W. 723, 21 Ky. Law Rep. 1454; Ross v. Adams, 13 Bush, 370. The reason for the rule does not apply to personal property in the possession of the officer who is directed to dispose of it. It is only necessary that the judgment shall clearly indicate the specific property to be sold, and it is not apparent that any mistake could be made by the officer in selling personal property which he held under the order of attachment.

The motion for an appeal is sustained, and the appeal granted. The judgment is reversed for proceedings consistent with this opinion.