## Hammonds et al. v. Luster's Administrator.

(Decided April 26, 1935.)

ERNEST WOODWARD and THOMAS S. DAWSON for appellants.

H. H. Owens and T. B. CULTON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming in part and reversing in part.

This is a companion case to Nichols et al. v. Luster's Administrator, 259 Ky. 379, — S. W. (2d) — , this day decided, and was heard together with that case. Following the verdict and judgment in the companion case mentioned, this suit in equity was filed against Bertha Hammonds and the Central Mutual Insurance Company, seeking judgment in the amount of $5,000, the face value of a policy of indemnity insurance issued by the defendant insurance company to Bertha Hammonds, and for a general attachment against the property of both defendants. The suit was filed January 13, 1934, just forty-four days after the judgment in the companion case. It was provided in the policy:

"The insurer further agrees that upon its failure to pay any such final judgment within sixty days from the date of rendition or final affirmance or appeal, the judgment creditor may maintain an action against it in any court of competent jurisdiction to enforce such payment."

On March 21, 1934, more than sixty days after the rendition of the judgment in the companion case, the defendant insurance company filed an answer setting out the provision of the policy quoted above, and asking that the petition be dismissed. This plea was overruled by the chancellor on September 13, 1934, more than nine months after the entry of the original judgment. The defendant insurance company thereupon filed an answer admitting liability to the extent of $5,000 upon its policy of insurance. The trial court then entered judgment against Bertha Hammonds in the sum of $5,295, together with costs, and against the defendant insurance company in the sum of $5,000, together with costs.

The chancellor was clearly in error in rendering judgment against Mrs. Hammonds. Plaintiffs had already recovered a judgment against her, and a judgment upon that judgment added nothing to its efficacy. Shaw v. McKnight-Keaton Grocery Co., 231 Ky. 223, 227, 21 S. W. (2d) 269. Furthermore, the suit prayed judgment in the sum of $5,000 only, while the chancellor in his decree permitted the recovery of $295 in excess of the amount prayed.

The only complaint of the defendant insurance company of the judgment lies in the failure of the chancellor to dismiss the action as having been brought prematurely. The failure of the court to go through the form of dismissing the suit and immediately permitting it to be refiled could not be said to prejudice the substantial rights of the defendant insurance company. The defendant was not required to respond to the petition until more than three months after the original judgment was entered, and it was more than nine months before the court passed on the question. There is nothing in the record to show that the insurance company was, or could have been, prejudiced in any way.

The judgment against the defendant Bertha Hammonds is reversed, with directions to set it aside. The judgment against the defendant Central Mutual Insurance Company is affirmed.