**MOFFETT et al. v. ROBBINS.**
No. 1307.

Circuit Court of Appeals, Tenth Circuit.
Jan. 15, 1936.

Martin J. O'Donnell, of Kansas City, Mo. (A. E. Watson and William Buchholz, both of Kansas City, Mo., on the brief), for appellants.

Orlin A. Weede, of Kansas City, Mo. (R. O. Robbins, of Sedan, Kan., Edwin S. McAnany, John B. Pew, and Glen A. Wisdom, all of Kansas City, Mo., and Guy O. Neal, of Anthony, Kan., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from a decree dismissing the third amended and supplemental bill in a proceeding in equity instituted by Louise McGrew Moffett, individually and as executrix of the estate of Thomas S. Moffett, deceased, against R. O. Robbins, administrator with the will annexed of the estate of John Moffett, deceased. The purpose of the bill is to restrain and enjoin the enforcement of a judgment rendered by the District Court of Harper county, Kan.

John Moffett and Thomas S. Moffett were for many years prior to 1927 equal partners in a partnership association known as Moffett Bros., which owned farm lands, livestock, and other personal property situated in Kansas, Missouri, and Oklahoma. They were also associated with their brothers Renwick J. Moffett and Joseph W. Moffett in a partnership called Moffett Bros. Cattle, Land & Lumber Company, with real and personal property situated in Oklahoma, each owning an un-divided one-fourth interest therein. John Moffett, a resident of Kansas City, Mo., died testate in August, 1927, and thus the partnerships were dissolved. Six days thereafter Thomas S. Moffett was duly appointed executor of the estate of John Moffett, deceased, by the probate court of Jackson county, Mo. He thereupon assumed to administer upon the partnership assets of Moffett Bros. in Missouri, without having given the bond required by the laws of that state, and continued to do so until his removal as executor. He caused a duly authenticated copy of the will to be filed in the probate court of Chautauqua county, Kan. Defendant was thereupon appointed ancillary administrator with the will annexed of the estate of John Moffett in Kansas, and, after the requisite bond was executed and approved, letters of administration were issued to Thomas S. Moffett as surviving partner of Moffett Bros. in that state. On November 28, 1928, the probate court of Jackson county removed Thomas S. Moffett as such executor because of an alleged conflict of interest, and on the same day the Commerce Trust Company of Kansas City was appointed executor de bonis non. It gave the additional bond required for that purpose, and on December 28th was appointed administrator for the partnership of Moffett Bros., and ever since has acted as such in Missouri. Thomas S. Moffett made final settlement, delivered substantially all of the assets of the estate then in his custody to his successor, and was discharged.

Thomas S. Moffett instituted a suit in the District Court of Harper county, which had for its purpose the partition of the lands owned by Moffett Bros. in that state. Helen Moffett, surviving widow of John Moffett, answered that the lands were purchased with money of the partnership and were used in its business; that the debts of the partnership due general creditors had been paid in full; that the partnership was indebted to the estate of John Moffett in a large amount; that Thomas S. Moffett was indebted to the partnership in a substantial sum; and that Moffett Bros. Cattle, Land & Lumber Company also was indebted to the partnership. An accounting was prayed in advance of partition in order to determine and adjust the respective interests of all parties. The Commerce Trust Company was permitted to intervene, and it alleged substantially the same facts as those set forth in the answer

of Helen Moffett. Plaintiff appealed from an order overruling his demurrer to the answer and from the order allowing the intervention. The Supreme Court affirmed, Moffett v. Moffett, 131 Kan. 582, 292 P. 947, 77 A.L.R. 294. The accounting was then ordered. Thomas S. Moffett, likewise a resident of Kansas City, Mo., died testate in December, 1930, while the action was pending and before the accounting had begun. Louise McGrew Moffett, his surviving widow and sole beneficiary, was appointed executrix of his estate in Missouri, and on January 5th, thereafter the probate court of Wyandotte county, Kan., appointed Grace Torrance Clark, sister of Louise McGrew Moffett, administratrix with the will annexed of the estate. The court ordered and directed her to administer upon the estate of Moffett Bros. in Kansas. She filed an authenticated copy of the proceedings and a bond in the probate court of Chautauqua county. That court approved the bond, but subsequently revoked its action and ordered R. O. Robbins, the previously appointed ancillary administrator of the estate of John Moffett, to file a like bond and thereupon to assume administration of the partnership estate.

On the motion of Helen Moffett the action for partition was revived in the name of Louise McGrew Moffett as such sole beneficiary, and Grace Torrance Clark as such administratrix with the will annexed. The accounting proceeded and at its conclusion the court made elaborate findings of fact and conclusions of law. It was found that Moffett Bros. was indebted to the estate of John Moffett in the net sum of $142,452.24; that Moffett Bros. Cattle, Land & Lumber Company was indebted to Moffett Bros. in the sum of $101,228.06; and that the estate of Thomas S. Moffett was indebted to Moffett Bros. Cattle, Land & Lumber Company in the sum of $700. Judgment was entered thereon. Defendants Louise McGrew Moffett and Grace Torrance Clark appealed. The judgment was affirmed, Clark v. Moffett, 136 Kan. 711, 18 P.(2d) 555. Certiorari was denied (290 U.S. 642, 54 S.Ct. 61, 78 L.Ed. 558) and motion for leave to file petition for rehearing was likewise denied, 290 U.S. 602, 54 S.Ct. 227, 78 L.Ed. 528.

This action was then filed to restrain the defendant from enforcing collection of the respective sums of $142,452.24 and $101,228.06 awarded in the judgment, it being alleged that John Moffett had no valid claim against Moffett Bros.; that the time within which a claim could be asserted in Missouri had passed; that Helen Moffett, R. O. Robbins, Commerce Trust Company, and others entered into a conspiracy to establish such a claim; that in pursuance to such conspiracy they caused Thomas S. Moffett to be removed as executor of the estate of John Moffett, deceased, by falsely averring that such a claim existed which caused a conflict of interest and therefore rendered Thomas S. Moffett disqualified to act further as such executor; that Commerce Trust Company then gave the required bond and qualified as administrator for the partnership estate before the minimum time authorized by law in Missouri had expired, in order to administer the partnership estate and defeat the right of Thomas S. Moffett as surviving partner to do so; that Commerce Trust Company then filed the fictitious claim in the probate court of Missouri, and with full knowledge that it would not be sustained there intervened in the partition suit in Kansas, making the false and fraudulent contention that the partnership was indebted to the estate of John Moffett; that in doing so it violated its fiduciary duty to the estate of Moffett Bros.; that it further violated that duty by failing to present available defenses; that defendant likewise violated his obligation to the partnership by acting in concert with Commerce Trust Company and Helen Moffett throughout the trial; that the conspirators knew that the books of account on which the alleged claim was based were unreliable and untrue, but nevertheless they introduced such books in evidence, and that the court was unaware of their unreliability; that the attorneys for the so-called conspirators held several secret interviews with the trial judge, and in one of them they discussed prior litigation to which Thomas S. Moffett was a party and which terminated unfavorably to him; that plaintiff had no knowledge of such interviews until after the judgment had been affirmed; that the judgment is void because the court lacked jurisdiction of the subject-matter and lacked power to render a judgment against Commerce Trust Company as administrator of the partnership estate in Missouri for the reason that such administrator had no assets of the partnership in Kansas; that Louise McGrew Moffett, as executrix of the estate of Thomas S. Moffett, was not a party to the action; that Grace Torrance Clark was a party as executrix with the will annexed of the estate

of Thomas S. Moffett, deceased, but not as administering the estate of Moffett Bros.; that she was not permitted to make a defense and that there was no adversary trial; that the claim on which the judgment was founded had become barred by the statute of limitations, and that there was no substantial evidence to support such judgment. The bill contains other allegations and is replete with deductions and conclusions, but this résumé of its contents will suffice.

Defendant filed a motion to dismiss which challenged the sufficiency of the bill. It was sustained, and plaintiff appealed.

█ It is well settled that a final judgment rendered by a court having jurisdiction of the subject-matter and parties is conclusive upon the parties and those in privity with them in a subsequent action upon the same cause of action as to all matters in fact actually litigated or which might have been litigated therein; and such a judgment operates as an estoppel between the same parties in a subsequent proceeding upon a different cause of action only with respect to the matters actually litigated and adjudicated. That ancient rule applies even though the judgment may have been erroneous in fact or law, or both. Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096; Vinson v. Graham (C.C.A.) 44 F.(2d) 772; Divide Creek Irrigation Dist. v. Hollingsworth (C.C.A.) 72 F.(2d) 859, 96 A.L.R. 937. It is equally well settled by the decisions of this court and others that a United States court cannot vacate a judgment or decree of a state court, nor mandate that court to do so. Folk v. Monsell (C.C.A.) 71 F.(2d) 816. It may, however, restrain a successful litigant from enjoying the fruits of a judgment fraudulently obtained in a state court if the requisite elements of federal and equity jurisdiction exist. In doing so the court does not act in review of the judgment, nor is it concerned with irregularities occurring in the proceedings in the state court. It considers the conduct of the successful party there and if it is found that he committed fraud in securing the judgment, he is prevented from enjoying its benefits. The restraint acts upon the party and does not affect the judgment. Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658; United States v. Mashunkashey (C.C.A.) 72 F.(2d) 847; Murrell v. Stock Growers' Nat. Bank (C.C.A.) 74 F.(2d) 827; Chicago, R. I. & P. Ry. Co. v. Callicotte (C.C.A.) 267 F. 799, 16 A.L.R. 386. But such relief will be granted only upon fraud extrinsic to the matters tried and determined by the other court and which caused the court to render a wrong judgment, such as the successful party through fraud or deception preventing the unsuccessful from presenting his case, or from attending the trial, or where his attorney was induced to betray his client's interest, or other chicanery of that kind. The submission of perjured testimony or a fraudulent instrument on which the judgment rests is not enough, because a matter of that kind is necessarily intrinsic the proceedings. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Luikart v. Farmers' Lumber Co. (C.C.A.) 38 F.(2d) 588. In order to come within the rule, it must appear by clear allegations of fact that the party asserting it had a valid defense to the cause of action on which the judgment was rendered; that he was prevented by extrinsic fraud, accident, mistake, concealment, or other chicanery from presenting such defense, and that he had not been negligent in availing himself of it. Knox County v. Harshman, 133 U.S. 152, 10 S.Ct. 257, 33 L.Ed. 586; Whitcomb v. Shultz (C.C.A.) 223 F. 268; Jenner v. Murray (C.C.A.) 32 F.(2d) 625; Riverside Oil & Refining Co. v. Dudley (C.C.A.) 33 F.(2d) 749; Continental Nat. Bank v. Holland Banking Co. (C.C.A.) 66 F.(2d) 823; Wheiles v. Ætna Life Ins. Co. (C.C.A.) 68 F.(2d) 99.

█ Manifestly, therefore, the allegations that Thomas S. Moffett was wrongfully removed as executor of the estate of John Moffett; that the estate of John Moffett had no valid claim against the partnership; that the claim was fictitiously filed in Missouri with knowledge that under the law of that state it could not be maintained there; that with such knowledge Commerce Trust Company intervened in the suit for partition and accounting in an effort to have it established there; that in doing so and in failing to advance available defenses thereto, the Trust Company violated its fiduciary duty to the partnership and that the defendant likewise vio-

lated his obligation to the partnership by co-operating with the Trust Company and Helen Moffett in the action; that the books and records upon which the claim was predicated were unreliable and untrue, and that with knowledge of that fact those advocating the claim introduced them in evidence, present intrinsic fraud because all of those facts were before the state court. Those matters were involved, thoroughly litigated, and finally adjudicated there; and the charge in the present bill that they occurred in consequence of a conspiracy does not convert them into extrinsic or collateral fraud. See Toledo Scale Co. v. Computing Scale Co., 261 U. S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

The remaining charge of fraud which merits consideration relates to secret conferences between the judge of the state court and counsel in the case. The allegations are insufficient for several reasons. First, it appears from the bill that one of the alleged conferences was held in the chambers of the judge during the trial; and that while it was taking place one of counsel for Louise McGrew Moffett and Grace Torrance Clark entered the chambers, became cognizant of the fact, and made some comment with reference to it. Yet no action was taken. Instead, the trial continued without objection or protest. A party litigant may not thus sit quiescent until he has suffered an adverse decision and then raise a question of this nature for the first time. Second, it is not alleged that the decree would have been otherwise, except for the conferences; and, third, the question was raised and decided on the motion for new trial. Misconduct of the prevailing parties and passion and prejudice of the judge were among the many grounds urged for a new trial. Denial of the motion and affirmance on appeal foreclose the question. Stress is laid upon the fact that after the trial, and before the final judgment was entered, counsel went from Kansas City, Mo., to a point in Kansas and there conferred with the judge concerning certain parts of the judgment, and that such fact was not known to plaintiff until after the judgment had been affirmed. The features discussed are not shown, and neither is it shown that the outcome of the litigation was affected by it. To the contrary, it is fairly inferable that the conference occurred after the adverse findings of fact and conclusions of law were made on January 12, 1932, and before the entry of the judgment on March 5th, thereafter.

It is contended that the judgment lacks validity because Grace Torrance Clark as administratrix of the estate of Moffett Bros. was not a party to the action. She filed the bond required by the law in Kansas and assumed to act as administratrix of the estate of the partnership. The order revived the action in her name as administratrix with the will annexed of the estate of Thomas S. Moffett, but as such administratrix administering the estate of the partnership in Kansas she filed pleadings, motions, requests for authority to defray expenses incurred in the litigation with partnership funds and reports of various kinds. She so denominated herself in such pleadings, motions, requests, and reports; she acted as such administratrix of the partnership estate and was so regarded throughout the litigation in the trial court and on appeal. The judgment was rendered against her in that capacity with no complaint that she was not a party as such. A court of equity should give meager heed to the belated contrary argument now advanced.

Next it is urged that under a controlling statute in Missouri, the claim against the partnership had become barred and the right thereon extinguished before it was asserted in Kansas, and that for such reason the judgment contravenes article 4 of the Constitution of the United States and the Fourteenth Amendment. Section 90, Revised Statutes of Missouri 1929 provides that claims against partnership effects shall be presented within one year after the surviving partner or executor or administrator of the estate of the deceased partner files the required bond; and section 60—310, Revised Statutes of Kansas 1923, provides that where a cause of action between nonresidents of that state arises in another state and under the law of such state it cannot be maintained there on account of lapse of time, it likewise cannot be maintained in Kansas. The Supreme Court of Kansas considered the question, taking both statutes into account, and determined that the claim was not barred nor the right thereon extinguished. Clark v. Moffett, supra. The question is one of limitation, and presents no federal right which can be reviewed here. Texas & N. O. Ry. Co. v. Miller, 221 U.S. 408, 31 S.Ct. 534, 55 L.Ed. 789; Wood v. Chesborough, 228 U.S. 672, 33 S.Ct. 706, 57 L.Ed. 1018. Moreover, that court did not deny the full faith and credit due to the law in Missouri. Instead, it observed that

apparently the claim had been seasonably filed in Missouri and in Kansas, and that in addition a statute of nonclaim or limitation could not be invoked by one of the parties to bar an appropriate accounting of a partnership. We have no concern here with the correctness of that construction of the statutes. Our concern ends with the perfectly apparent fact that the court accorded full faith and credit to the law of the other state. Johnson v. New York Life Ins. Co., 187 U.S. 491, 23 S.Ct. 194, 47 L.Ed. 273; Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610.

The judgment is assailed on the further ground that there was no adversary trial. Louise McGrew Moffett, as sole beneficiary of the estate of Thomas S. Moffett, Grace Torrance Clark, as administratrix with the will annexed of that estate and administering the estate of Moffett Bros. in Kansas, and all others having any interest in the estate of the partnership, were parties to the action. The purpose of the proceeding was an accounting and partition; the issues were formed and the crux of the litigation concerned itself very largely with the asserted claim that the partnership was indebted to the estate of John Moffett. Louise McGrew Moffett and Grace Torrance Clark together waged vigorous but unsuccessful opposition to that claim. Counsel who represented them were paid $3,900 from the partnership funds as compensation for their service. Grace Torrance Clark made such payment. The trial consumed several days; all questions were seemingly considered thoroughly; extended findings of facts and conclusions of law were made dealing with every feature of the complicated situation; and an exhaustive judgment was entered. In these circumstances, the mere allegation that there was no adversary trial is a conclusion which the record affirmatively disproves.

The contention that the judgment was not supported by evidence needs little discussion. Such a question can be determined only on appeal. It cannot be decided in an equitable action to enjoin enforcement of the judgment. Harrington v. Denny (D.C.) 3 F.Supp. 584; Harris v. Bigley, 136 Iowa, 307, 111 N.W. 432; A. B. Smith Co. v. Bank of Holmes County (Miss.) 18 So. 847; Nashville, C. & St. L. Ry. Co. v. Mattingly, 101 Ky. 219, 40 S.W.

673; Burke v. Wheat, 22 Kan. 722; Martin v. Pifer, 96 Ind. 245.

Other questions are argued, but we think they are insubstantial. For the reasons indicated, the order of dismissal is affirmed.